## STATE, RESPONDENT, *v.* BONNING, APPELLANT.

### (No. 4,648).

#### (Submitted June 2, 1921.   Decided June 20, 1921.)

#### [199 Pac. 274.]

*Criminal Law—Receiving Stolen Property—Flight of Defendant—Evidence—Admissibility — Erroneous Instruction — Assumption of Guilt—Appeal and Error—Briefs.*

Criminal Law—Flight of Defendant—Erroneous Instruction—Assumption of Guilt.
1.  In a prosecution for receiving stolen property the undisputed evidence in which showed that the property was received by defendant and no one else, an instruction that if the jury believed from the evidence beyond a reasonable doubt that after the commission of a crime with which he was charged he fled, the fact of his flight might be taken into consideration in determining his guilt or innocence of the charge against him, was prejudicial as assuming the commission of the offense and thus the guilt of defendant.

Same—Flight of Defendant—Admissibility of Evidence—Exception to Rule.
2.  Evidence of flight or concealment of one charged with crime is, generally, evidence of guilt and admissible; but where the accused fled while under a charge entirely different from the one for which he was on trial, evidence of his flight was inadmissible.

Same—Flight of Defendant—Evidence—Admissibility—When Exception to Rule not Applicable.
3.  Where defendant fled while under a charge of larceny, evidence of his flight was admissible in a prosecution under an information charging him with receiving the same property knowing it to have been stolen, the facts involved having been the same and the only difference in the two charges one in the statement of defendant's relation to such facts.

Briefs—Specifications of Error—Admission or Rejection of Evidence—Rules.
4.  Where error is assigned to the admission or rejection of evidence, the specification must quote the full substance of the evidence admitted or rejected.  (Supreme Court Rules, Rule X, subd. C.)

*Appeals from District Court, Beaverhead County; Jos. C. Smith, Judge.*

WILLIAM T. BONNING was convicted of receiving stolen property, and from the judgment of conviction and an order denying him a new trial, he appeals.   Reversed and remanded.

---

2.  For authorities discussing the question as to whether flight creates a presumption of guilt, see notes in 39 **L. R. A.** (n. s.) 58; 18 **Ann. Cas.** 901.

*Mr. John Collins,* for Appellant, submitted a brief and argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Otto A. Gerth,* Assistant Attorney General, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Defendant was convicted of the charge of receiving stolen property knowing the same to have been stolen. Motion for new trial was made and overruled. Defendant appeals from the judgment and order overruling motion for new trial.

In July, 1919, defendant conducted a store and butcher-shop at Wisdom, in Beaverhead county. On or about the twelfth day of that month he received from one Williamson the carcass of a heifer. It was contended by the state that Williamson stole the animal from Spokane Cattle Company, dressed it, and delivered it to defendant at Wisdom in pursuance of a previous agreement between defendant and Williamson. Williamson and one Wilkinson, who assisted him, were charged with grand larceny, pleaded guilty, and were sentenced to the state penitentiary. Shortly after the delivery of the carcass to defendant he also was charged with the larceny. He was admitted to bail, and while released on bail he fled from Montana to Milwaukee, where he was found living under an assumed name and was brought back to Montana. In October, 1919, the information upon which he was tried and convicted was filed with the understanding that the charge of larceny should be abandoned.

One of the assignments is that the court erred in giving to [1] the jury the following instruction: "You are instructed that the flight of a person after a crime has been committed or after the commission of a crime with which he is charged is a circumstance tending to establish his guilt, not sufficient of itself to establish it, but a circumstance which you may take

into consideration in considering whether he is guilty as charged; and if you believe from the evidence beyond a reasonable doubt that the defendant, after a crime has been committed or after the commission of a crime with which he is charged, fled from the state and tried to avoid arrest and apprehension, then you may take this fact into consideration in determining the defendant's guilt or innocence of the crime charged in the information.'' At the time the instruction was offered objection to it was made in behalf of defendant for the following reasons: (1) Because this instruction assumes that the crime charged has actually been committed; (2) it assumes that said crime has been committed by the defendant; (3) this instruction is not warranted by any competent testimony or evidence contained in the record herein.

In the latter part of the instruction the jury is told that, if it believes from the evidence beyond a reasonable doubt that the defendant, after the commission of the crime with which he is charged, fled from the state, then such fact may be taken into consideration in determining defendant's guilt or innocence of the crime charged. Paraphrased, this is equivalent to instructing the jury that, if it believes from the evidence beyond a reasonable doubt that the defendant, after he received the stolen property, knowing it to have been stolen, fled, then such fact may be taken into consideration in determining the guilt or innocence of defendant of the charge of receiving stolen property. The instruction assumes the commission of the crime charged in the information. If the crime charged in the information was one which could have been committed by any one of a large number of persons, and its commission had been established beyond question, then the evil of such instruction would have been insignificant and probably would have resulted in no prejudice, but, when applied to the facts of this particular case, the result is different. The undisputed evidence shows that the carcass was received by defendant, and the charge in the complaint is that defendant received stolen property. The conclusion necessarily is

that, if the crime charged in the information was committed, it must have been committed by defendant and no one else, and therefore the court, when it assumes the commission of the offense charged in the information, is assuming the guilt of the accused, in which assumption the court can never indulge, in instructing the jury. This is in direct violation of the elementary principle that the accused shall be presumed to be innocent until proven guilty. The instruction is clearly erroneous, and, as we view it, could not fail to have prejudiced the jury against defendant.

It is urged that the instruction is not warranted by compe-
[2]   tent evidence, reference being made to evidence given as to the flight of defendant while out on bail pending the charge against him of grand larceny. It is insisted that this evidence was inadmissible for the reason that "flight in respect to another and different offense is not to be considered as evidence of the guilt of an offense from which there was no flight." (16 C. J. 552, par. 1066; see, also, *Damron* · v. *State,* 58 Tex. Crim. 255, 125 S. W. 396.)   As a general proposition, evidence of flight and concealment is admissible as indicating the guilty conscience of the accused; and its value as such evidence lies in the knowledge of the culprit that he has committed an offense and in his fear of apprehension. (*State* v. *Lucey,* 24 Mont. 295, 61 Pac. 994; *State* v. *Paisley,* 36 Mont. 237, 92 Pac. 566.)   A guilty conscience alone will frequently drive a person from the scene of his crime, for, as the Scriptures say, "The wicked flee when no man pursueth." Such act being a natural result of the guilty conscience, evidence of such act is evidence of the guilt of the accused. From this analysis of the reasons for the admissibility of such evidence, the force of the rule that evidence of flight because of one crime cannot be considered on the trial of another and entirely different offense is apparent, as in such case the flight does not disclose any guilty conscience in regard to the offense in question. For illustration: If a man has committed murder and has fled from the state on account thereof, such flight would not be admissible in evidence against him upon a charge of lar-

ceny entirely disconnected and unrelated to the murder. But [3] in this case the maxim, "When the reason of a rule ceases, so should the rule itself," is applicable. The reason of the rule ceases when the difference in the charge is merely in the statement of defendant's relation to the facts; the facts involved being the same. To carry the illustration above given a little further: If a man, having fled from the charge of murder, is afterward apprehended and the charge changed from murder to manslaughter involving the same facts, then the evidence of flight would be just as material and just as indicative of guilt upon the latter charge as upon the former. Thus in this case, while technically the first charge was for a different offense than that upon which defendant was tried and convicted, yet the difference in the charges is merely a difference in the statement of defendant's relation to the facts; the facts in each case being the same. His flight after the charge of larceny would indicate the same mind toward the affair as it would if he had fled after the charge had been changed to one for receiving stolen property. For these reasons, we believe that the evidence given as to the flight of the defendant was competent, and no error was committed by the court in reception of the same.

A number of other errors are assigned, but we find no merit in defendant's contentions in regard thereto, although it is noticeable in the record that E. N. Jones, manager of the Spokane Cattle Company, was not examined as a witness nor his absence explained. We wish also to call attention to the [4] fact that the assignments of error as to admission of evidence do not comply with rule X, subdivision 3b (53 Mont. xxxvi, 167 Pac. x). We must insist that attorneys, in presenting questions of this kind, observe the rule.

The judgment and order overruling motion for a new trial are reversed and the cause is remanded for new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.