## ED SPROUSE v. STATE.

No. A-8143.   Oct. 10, 1931.
(3 Pac. [2d] 918.)

Date Crawford and Vol Crawford, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (George H. Copeland, of counsel), for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pontotoc county of manslaughter in the second degree, and was sentenced to serve a term of two years in the state penitentiary.   At the time charged, defendant, in the night-time, drove an automobile on the highway just beyond the city limits of Ada at an excessive speed, and

struck a wagon and team which had stopped at the side of the highway, where two negroes were putting a tire on the wheel. Defendant struck the wagon and team with such force that the tongue was broken out of the wagon, the left front wheel was smashed, and one of the mules was cut open with a fender and so injured it had to be killed, and each of the negroes had both legs broken and almost severed from the body, so that it was necessary to amputate both of the legs of the injured negroes. In addition, one had a fractured skull. The negroes were taken to the hospital, and one of them, Oregon Mitchell, became insane from the effects of the injury and died. The charge is based on section 1745, Comp. St. 1921, which defines manslaughter in the second degree as the killing of one human being by the act, procurement, or culpable negligence of another, where the killing does not fall under any other definition of homicide.

It is first argued that the evidence does not sustain the judgment. Under this assignment, the contention is made that at the time of the collision the weather was extremely dry and the roads dusty, that defendant was not able to see the wagon and team in time to avoid a collision, and that he is not guilty of culpable negligence. Without reciting the evidence, we are thoroughly convinced the collision which resulted in the death of Mitchell was the result of culpable negligence on the part of defendant in driving upon the highway under the conditions shown at the excessive speed testified to.

Complaint is next made that instruction 10-A of the court's charge is erroneous. This instruction is: "Evidence has been introduced in this case relative to the conduct of the defendant in leaving this community after the injury complained of; you are instructed that the

flight itself is not evidence of guilt, but is a circumstance which you may consider in determining the issues in this case, and if there is any explanation of the flight, if there was any evidence of flight, you can take such explanation into consideration; and unless you are convinced that the explanation is satisfactory to you, you may take such evidence of flight, if you find there was such evidence, as an indication of guilt."

The evidence upon this point is that it was some 30 days after the collision before defendant was apprehended at Tulsa; that during this time the sheriff had a warrant and was attempting to locate him, but was unable to do so. It is argued that the instruction assumes defendant fled. The instruction complained of is somewhat involved. In the first sentence it appears to assume that defendant fled; in the latter part it appears to leave the question to the jury. The instruction, in the form in which it appears, is erroneous, and should not have been given. Where there is evidence of flight which is denied or what appears to be a flight is explained, the court, if it instructs on the matter of flight, should be guarded in its language and not assume the conduct of accused is a flight. Robinson v. State, 8 Okla. Cr. 667, 130 Pac. 121; Cox v. State, 25 Okla. Cr. 252, 220 Pac. 70; Bruner v. State, 31 Okla. Cr. 351, 238 Pac. 1000; People v. Jones, 160 Cal. 358, 117 Pac. 176, 177; State v. Bonning, 60 Mont. 362, 199 Pac. 274, 25 A. L. R. 879; State v. Osborne, 54 Or. 289, 103 Pac. 62, 20 Ann. Cas. 627. The instruction, while erroneous, could not have been materially prejudicial under the circumstances proven, and presents no reason for a reversal.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.