LEE LUNSFORD v. STATE.

No. A-8336.    May 14, 1932.

(11. Pac. [2d] 539.)

W. M. Wallace and Fred Wallace, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county of having the possession of a still and was sentenced to pay a fine of $500 and to serve six months in the county jail.

Certain officers discovered a still on the premises of one Warren.   They laid in wait for a day or more until defendant came to the place, and, according to the state's testimony, put his hand on a part of the still, picked up a sack from a barrel of mash, shook it and placed it over the barrel, and, when the officers made their presence known, he started to run.   Defendant testified he had been told by Warren that a still had been placed on his place, and that he went with Warren to search for the still; that they had separated; that he discovered the still and while looking at it the officers came up; that he was not nearer to it than five or ten steps and knew nothing of it until he discovered it.

Several assignments of error are argued; among others, that the evidence is insufficient.  There is ample competent evidence, and, if the record disclosed that the case was fairly tried, the judgment would be sustained.

The court erred in his instruction on circumstantial evidence. The instruction appears to leave the question of whether the case rests on circumstantial evidence to the jury, the court, in part, saying:

"You are instructed that if you find beyond a reasonable doubt from the evidence that the defendant exercised some actual physical control over the still, that is, that he arranged the sack on the mash barrel or otherwise worked with the still so as to evidence control over same, then the state's case is based upon direct evidence and if you find the defendant had such possession as charged, beyond a reasonable doubt you should convict him. However, in this regard, if you find the defendant was merely at the location of the still and exercised no actual control over it, then the state's case rests on what is known as circumstantial evidence, and in this connection you are instructed, * * *" etc.

Whether the case rests upon circumstantial evidence or not is not a question for the jury and does not depend on whether the jury finds the evidence to be true or false. Leaving to the jury the question of whether it is circumstantial or direct is confusing.

The court's instruction on flight is also erroneous. It is as follows:

"You are instructed that evidence has been introduced to show that defendant attempted to run away or escape from the locality of the still, when interrupted by the officers. In this regard you are instructed that for a person to attempt to escape from the scene of the crime is evidence tending toward his guilt. *And should be so construed in this case,* provided that said defendant realized at such time that the persons interrupting him were officers. If you find that the defendant was not apprised of this fact or had reasonable belief that said persons were not officers then the attempt to leave the premises is not to be considered *additional* evidence of the defend-

ant's guilt. (*Italics ours.*)

The vice of the instruction is that, considered as a whole, it assumes that defendant attempted to flee. This is a question of fact that should have been left to the jury, under proper instructions. Bruner v. State, 31 Okla. Cr. 351, 238 Pac. 1000; Sprouse v. State, 52 Okla. Cr. 184, 3 Pac. (2d) 918.

Also the court erred in giving the jury an additional instruction, orally. The record discloses that during the course of the argument counsel for defendant was evidently arguing to the jury the court's instruction No. 5, the instruction on circumstantial evidence in part above quoted. The court thereupon stopped the argument and proceeded to tell the jury the meaning of the court in this instruction. The oral explanation does not help the situation. The law requires instructions to be in writing, including any material changes or modifications. Section 2687, Comp. Stat. 1921; Bird v. State, 22 Okla. Cr. 263, 210 Pac. 925; Walters v. State, 45 Okla. Cr. 429, 283 Pac. 1033; Elms v. State, 53 Okla. Cr. 268, 10 Pac. (2d) 728.

For the reasons assigned, the case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.