WALTER W. COMPTON v. STATE.

No. A-9919.  Feb. 18, 1942.

(122 P. 2d 819.)

See, also, 70 Okla. Cr. 258, 105 P. 2d 793.

D. S. MacDonald, Jr., of Durant, for defendant.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Bill Steger, Co. Atty., of Durant, for the State.

BAREFOOT, P. J. Defendant, Walter W. Compton, was charged in the district court of Bryan county with the crime of assault with intent to kill, was tried and convicted of the crime of assault with a dangerous weapon and his punishment assessed at two years in the penitentiary, and he has appealed.

This charge was the outgrowth of a shooting by defendant of Fred Bookout, in Bryan county, on the 29th day of March, 1934. Defendant was not apprehended until the 1st day of April, 1938, and was tried, and convicted as above stated on the 30th day of May, 1940. His appeal was filed in this court on the 29th day of November, 1940, and was submitted on the 27th day of April, 1941.

In the brief of defendant but two questions are relied upon for reversal of this case. They are:

"(1) The lower court committed reversible error in excluding testimony to explain defendant's absence and in instructions pertaining to flight."

"(2) By the giving of instruction No. 13, admitting prejudicial evidence and excluding competent evidence and by the asking of improper questions to prejudice the jury on irrelevant matters Walter W. Compton was prevented from having a fair and impartial trial."

For consideration of these propositions it is unnecessary to give a detailed statement of the voluminous evidence as revealed by the record. Defendant was charged under Oklahoma Statutes 1931, section 1873, 21 Okla. St. Ann. § 652, which is as follows:

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding ten years."

He was convicted of assault with a dangerous weapon as defined by Oklahoma Statutes 1931, section 1870, 21 Okla. St. Ann. § 645, as an included offense. This was proper under the decisions of this court. Castleberry v. State, 26 Okla. Cr. 59, 221 P. 1044; De Witt v. State, 58 Okla. Cr. 261, 52 P. 2d 88; Ponkilla v. State, 69 Okla. Cr. 31, 99 P. 2d 910; Horton v. State, 35 Okla. Cr. 80, 248 P. 878; Wheeler v. State, 66 Okla. Cr. 127, 90 P. 2d 49; Bayne v. State, 72 Okla. Cr. 52, 112 P. 2d 1113.

The evidence of the state was that defendant shot the prosecuting witness, Fred Bookout, three times with a shotgun; that he was at a distance of between 50 and

60 yards; that the prosecuting witness did not know that he was being attacked by defendant. He was shot in the back of the neck and side of the face with his back to defendant at the time the shots were fired. Several eye-witnesses testified that defendant was behind a tree with his gun resting against the same at the time the shot was fired. The difficulty was the outgrowth of a fight between the parties just a short time prior to the shooting. Both parties went to their homes and procured guns and returned to the scene of the difficulty. One of defendant's sons had shot the prosecuting witness with a shotgun just prior to the time he was shot by defendant. Under this statement it will be readily observed that the evidence was sufficient to sustain the judgment and sentence. It would have easily justified a sentence under the attempt to kill statute above quoted.

After the shooting defendant went to the home of Alvin Willingham and was by him taken in an automobile to the town of Caddo, in Bryan county. He left the county and state and was not apprehended until the 1st day of April, 1938.

The first contention is based upon the evidence of the sheriff of Bryan county, Ben Risner, upon cross-examination, and Alvin Willingham, a witness for defendant who testified by deposition, he being the party who took the defendant to Caddo after the difficulty as above stated, and the evidence which defendant offered to show that the prosecuting witness was searching for defendant with a shotgun after he had left and which was excluded by the court. A careful examination of the record discloses that defendant at no time knew of any search for him by the prosecuting witness, nor did he in any way attempt to explain his four-year absence from the state. The evidence simply revealed that defendant went to

Caddo and on into the oil fields, and that he was at one time seen in Pampa, Tex., in April, 1935, by his own witness Alvin Willingham. He never attempted to explain his flight to Texas. The charge of the court with reference to flight was No. 14, as follows:

"Evidence has been introduced relative to the departure of the defendant after the alleged assault had taken place. You are instructed that you must first determine whether or not the actions of the defendant constituted flight. In this connection you are told that one who absents or conceals himself, conscious of his guilt of a crime, can be said to be in flight if the jury believe all these facts. However, a defendant may explain his absence, and if he does so to the satisfaction of the jury, or if the jury have a reasonable doubt as to whether or not he was in flight, then the fact of his absence is not a circumstance against him. If the jury believe from the evidence beyond a reasonable doubt that the defendant was in flight after the alleged assault took place, then this is a circumstance to be considered by you, with all the other evidence, to aid you in determining the question of his guilt or innocence."

This instruction was a very fair one, taking into consideration the evidence in this case, and this applies to the evidence of defendant's witness, Alvin Willingham, who testified that defendant wanted him to bring him to Caddo to see a deputy sheriff, and that when he left him stated that he was going to see a deputy sheriff, but that he did not do so, and that when he waited for ten or twenty minutes for his return, he went away. This evidence, coupled with the fact that defendant did leave the county and state and did not return and give himself up to the officers for a period of four years, and that no explanation of his absence was attempted in his own testimony, was sufficient for the court to present the issue to the jury as a question of fact for their consideration; and certainly the above instruction very fairly presented

this issue and in no way was prejudicial to the rights of the defendant.

The refusal to permit the witness Roy Laughlin to testify that prosecuting witness and his brother were searching for defendant during his absence and that they had a gun was not error. There is nothing in the record to show that this information was ever conveyed to defendant. Counsel for defendant in his brief quotes from 16 Corpus Juris 552 in giving a definition of flight, as follows:

"The term signifies, in legal parlance, not merely a leaving, but a leaving or concealment under a consciousness of guilt and for the purpose of evading arrest. Such consciousness and purpose is that which gives to the act of leaving its real incriminating character." See, also, 22 C. J. S., Criminal Law, § 625.

The evidence and the record in the instant case brings the defendant clearly within the terms of this definition when it says, "a leaving * * * under a consciousness of guilt and for the purpose of evading arrest.". The mere fact that parties may have been searching for him did not justify his fleeing and remaining away, and the fact that the sheriff of Bryan county had a warrant for his arrest and was looking for him was no reason for his absenting himself from the county and from the state. If he had any valid reason it would have been permissible for him to submit such evidence to the jury, but he made no attempt to do so. The mere fact that he was afraid of bodily harm at the hands of the prosecuting witness did not justify his fleeing and remaining away. As a matter of fact, if he had surrendered to the deputy sheriff as he stated he was going to do on the date of the conflict there would have been no opportunity for harm at the hands of the prosecuting witness.

All through the record in this case there was evidence of the defendant that he intended to and was making preparations to leave on the very day this difficulty arose, and that he intended to go to Ada to try to secure work in the oil fields, this being his occupation. The court at no time denied defendant the right to introduce this evidence and it was for the proper consideration of the jury as the other evidence in the record upon the question of flight, and no doubt was so considered by the jury. Robinson v. State, 8 Okla. Cr. 667, 130 P. 121; Jackson v. State, 12 Okla. Cr. 406, 157 P. 945; Colglazier v. State, 23 Okla. Cr. 23, 212 P. 332; Sprouse v. State, 52 Okla. Cr. 184, 3 P. 2d 918.

The statement in defendant's brief that the question of flight was the only evidence that caused the jury to convict the defendant cannot be harmonized with the record in this case. The evidence of the defendant and that of his family is such that justifies a verdict of guilty in this case, not considering the evidence of several disinterested witnesses. The sons of the defendant were in no immediate danger of the loss of their lives nor of suffering great bodily harm at the hands of the prosecuting witness at the time defendant shot, nor was the prosecuting witness in any way committing any overt act either toward the defendant or his sons or family. We find no error of the court as contended in defendant's first assignment of error.

The second contention of defendant is that the court erred in giving instruction No. 13, which was as follows:

"You are instructed that if you find from the evidence beyond a reasonable doubt that the complaining witness, Fred Bookout, did not make some overt act or demonstration at the time of the difficulty indicating to the defendant, as a reasonable man, an intention to assault him or his son and do some serious bodily harm

or kill either of them, then the fact of a previous difficulty is immaterial for any purpose in the case, and should be disregarded by the jury and given no weight."

Counsel for defendant contends in his brief that this instruction "is erroneous in its entirety. It did not, nor did any of the other instructions, take into consideration that from the circumstances there existing defendant may have been properly led to have believed that prosecuting witness was about to make an overt act which would have endangered the life of his son." This statement is not the law. No authorities are cited in defendant's brief to substantiate this contention. In Saunders v. State, 4 Okla. Cr. 264, 111 P. 965, 972, Ann. Cas. 1912B, 766, this court said:

"The law does not permit one to kill another merely because the other has made threats against him. And unless the deceased at the time of the fatal difficulty, without being willfully provoked thereto by the defendant, and without the defendant having sought the difficulty or having voluntarily entered into it, made some overt act or demonstration indicating to the defendant as a reasonable man an intention to kill him or do him some great bodily injury, then any threats previously made against or communicated to the defendant are immaterial for any purpose in the case; and the jury should be so instructed. We therefore find no error in the instruction given. Morris v. Territory, 1 Okla. Cr. 617, 99 P. 760, 101 P. 111; Reed v. State, 2 Okla. Cr. 589, 103 P. 1042; Wigmore on Evidence, vol. I, §§ 110, 111."

See, also, Turner v. State, 4 Okla. Cr. 164, 111 P. 988; Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A. L. R. 405; Ging v. State, 31 Okla. Cr. 428, 239 P. 685.

In People v. Westlake, 62 Cal. 303, the court says:

"Past threats or conduct of the deceased, how violent soever, will not excuse a homicide, without sufficient present demonstration to authorize the belief that the deadly

purpose then exists, and the fear that it will then be executed."

Defendant's own testimony did not show any overt act on the part of the prosecuting witness and his own witness, Alvin Willingham, testified: "Just as soon as Compton came out from the canyon, Bookout broke to run."

From the examination of the record in this case we find nothing that deprived this defendant of any substantial right. The instructions of the court as a whole were very fair to the defendant and stated the law as shown by the testimony and issues in this case. The defendant was indeed fortunate that his counsel was able to secure a verdict of only assault with a dangerous weapon and his punishment assessed at two years in the penitentiary.

The judgment and sentence of the district court of Bryan county is affirmed.

JONES and DOYLE, JJ., concur.