**Herman Donald SMITH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15171.**

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Rehearing Denied May 26, 1971.

**1314**

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

OPINION

BRETT, Judge:

Plaintiff in error, Herman Donald Smith, hereafter referred to as defendant, was convicted in District Court of Tulsa County, Case No. 23,534, with the crime of Shooting With Intent to Injure. He was found guilty by the jury and on February 18, 1969, was sentenced to serve not less than one, nor more than three years under the custody and control of the State Department of Corrections. From that judgment and sentence this appeal was perfected.

Defendant was alleged to have shot Billy Joe Moore, with a .410 gauge shotgun. The two men had been friends but had recently experienced considerable difficulty between themselves; and on July 8, 1968, a fight erupted between the two men in the Village Cafe in Tulsa County. Shortly thereafter defendant went into his shop next door to the cafe, obtained his shotgun and shot Moore. Defendant testified in his own behalf concerning his physical infirmities as an explanation why he could not engage in a "fist fight" with Moore.

The question presented to the jury concerned whether or not defendant shot Moore with intent to injure him. The jury was properly instructed by the trial court and resolved the question of fact against the defendant, which we do not disrupt. It has long been held that neither communicated, nor uncommunicated threats, nor prior encounters will mitigate an offense of this nature; unless the defendant can clearly show that the other person committed some overt act toward him, which clearly evidenced his present intention to carry forward those threats into immediate execution. In these circumstances the jury may consider all the facts to determine which of the two persons was actually the aggressor; and in the instant case, the jury resolved that defendant was in the wrong. See: Compton v. State, 74 Okl.Cr. 48, 122 P.2d 819 (1942).

We have considered all of the propositions set forth in defendant's brief. None of those propositions contain sufficient merit to discuss further, than what has been heretofore stated. However, defendant's complaint concerning the trial court's instruction number four, in which the penitentiary good time, work credits, etc., were set forth, contains merit. This Court held in Williams v. State, Okl.Cr., 461 P.2d 997 (1969) that such instruction was improper, but not of sufficient nature to cause a reversal of the jury's finding of guilt for the crime charged.

Therefore, after considering the record and briefs submitted to this Court, we are of the opinion that the judgment and sentence imposed against defendant herein should be modified from not less than one (1) year, nor more than three (3) years, to one (1) year confinement under the custody of the State Department of Corrections; and as modified, the judgment and sentence is affirmed.