Steven David VULETICH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–695.

Court of Criminal Appeals of Oklahoma.

March 27, 1987.

Warren Gotcher, McAlester, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

The appellant, Steven David Vuletich, was convicted of two counts of Burglary in the Second Degree and one count of Arson in the Second Degree, in the District Court of Kay County, Oklahoma, Case No. CRF–83–135. Appellant was sentenced to five (5) years imprisonment for the first burglary count, two (2) years imprisonment for the second burglary count, twenty (20) years imprisonment for the arson and a fine of Two Thousand Dollars ($2,000.00). As hereinafter modified, judgment and sentence is affirmed.

On Saturday, June 4, 1983, an all-day party was held at the home of the appellant. Among those in attendance were the appellant, appellant's co-defendant, Ricky Lee Spees and Tilford Bradley "Bo" Bowlan. According to the testimony at trial, sometime during the evening, the three men discussed burglarizing a pharmacy in order to obtain drugs. Shortly thereafter, the three left the party and drove to Terry's Discount Pharmacy. The pharmacy was one of several businesses located in a common building. Tilford Bowlan kicked open a door to an unoccupied portion of the building and went inside with the appellant while co-defendant Spees waited in the car. Once inside, the two men took a shotgun from a real estate office and then tore down a wall in order to gain entrance to the pharmacy. They took several bottles of codeine, Tylenol 3, Librium and Phenobarbital and returned to the car. The three then drove back to the appellant's house and rejoined the party.

After returning to the party, Bowlan became concerned that he had left fingerprints at the pharmacy and began to discuss "torching" the building to eliminate any evidence. Following the discussion, the men obtained some gasoline from the appellant's pickup and returned to the pharmacy. The appellant and Spees then set fire to the building while Bowlan remained in the car. Thereafter, the three again rejoined the party.

On Friday, June 10, 1983, the appellant, Spees and Bowlan were all arrested in connection with the crime. While they were in custody, the police obtained permission to search the residences of the appellant and co-defendant Spees. One of the bottles of Phenobarbital from the pharmacy was found in Spees's refrigerator. A second empty bottle was found in a wood-burning stove in the appellant's house. During this same period, Bowlan made a full confession to the police.

## I.

■ In his first assignment of error, the appellant contends that both his appointed counsel and the prosecutor misstated the law and undermined the reasonable doubt burden of proof by telling the veniremen during voir dire that it was the jury's duty to determine the appellant's guilt or innocence. It is improper to tell a jury they must determine guilt or innocence. It is the jury's duty to determine whether the State has demonstrated guilt beyond a reasonable doubt. Cf. Henderson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). If the State fails to sustain its burden, the jury must find the defendant not guilty. See 22 O.S. 1981, § 836. A determination of innocence is not required.

■ In this instance, however, the appellant failed to object to the misleading statements. A failure to object waives all but fundamental error. Pannell v. State, 640 P.2d 568 (Okl.Cr.1982). Since the prosecutor correctly articulated the State's burden of proof elsewhere during voir dire and since the trial judge correctly instructed the jury on proof beyond a reasonable doubt, it is impossible to say the error determined the jury's verdict. See Kitchens v. State, 513 P.2d 1300 (Okl.Cr.1973). Therefore, this assignment of error is without merit.

## II.

In his second assignment of error, the appellant contends that the trial court

erred in admitting the preliminary hearing transcript testimony of an unavailable witness. He argues the transcript was inadmissible because the State did not use due diligence in attempting to locate the witness.

The missing witness was the girlfriend of the appellant's co-defendant. She disappeared immediately following her testimony at preliminary hearing and was reported as a missing person by her grandparents. The State obtained a warrant for her as a material witness and issued an out-of-state subpoena to her last known address in Kansas. The subpoenas were returned unserved. The witness finally reappeared on the day the appellant and her boyfriend were formally sentenced for this conviction.

Title 12 O.S. 1981, § 2804 provides for the evidentiary use of transcript testimony by witnesses who are unavailable. Section 2804(A)(5) defines an unavailable witness as one who:

> Is absent from the hearing and the proponent of his statement has been unable to procure his attendance or, in the case of a hearsay exception under paragraphs 2, 3 or 4 of subsection B of this section, his attendance or testimony, by process or other reasonable means.

In this situation, the attempt to serve process on the witness at her last known address and the issuance of a material witness warrant for her presence at trial constitute due diligence. *Rushing v. State*, 676 P.2d 842 (Okl.Cr.1984). Therefore, the transcript testimony was properly admissible and this assignment of error is without merit.

### III.

In his fourth assignment of error, the appellant contends that the trial court improperly allowed him to withdraw his previously accepted plea of nolo contendere. Obviously, the appellant did not object to the granting of his withdrawal request.

The decision to grant or deny a plea withdrawal request rests within the sound discretion of the trial court. *Lauen v. State*, 515 P.2d 578 (Okl.Cr.1973). Appellant argues that it was an abuse of discretion to allow a plea withdrawal without a showing of necessity. *Cf. Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981). However, as this Court stated in *Dodson v. Page*, 461 P.2d 957, 959–60 (Okl.Cr.1969):

> The law favors a trial on the merits by a jury, and all courts should so administer the law and construe the rules of practice so as to secure a hearing on the merits if possible. The withdrawal of a plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting a withdrawal of a plea of guilty and substituting a plea of not guilty.

Appellant's main complaint appears to be that he was given a longer sentence than Tilford Bowlan who pled guilty prior to trial. Appellant, however, was accorded the preferential treatment of a trial on the merits and is bound by its results. Accordingly, the appellant's contention is without merit.

### IV.

Appellant next contends that it was prejudicial error for the trial court to appoint the same attorney to represent both the appellant and his co-defendant at trial. Appellant, however, made no objection to the joint representation.

Multiple representation is not in itself a violation of the Sixth Amendment. *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). In order to establish a violation, a defendant who fails to object must show that an actual conflict of interest adversely affected his attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

Here, the appellant asserts that a conflict existed because his co-defendant made an alleged admission of guilt which was entered into evidence during trial. Appellant claims that counsel failed to object, because to do so would have focused attention on the admission to the detriment of his co-defendant. An examination of the

alleged admission, however, reveals that the co-defendant merely told his girlfriend that the drugs in his possession had come from Terry's Discount Pharmacy. The statement was consistent with the co-defendant's testimony that he had purchased the drugs from Tilford Bowlan and did not implicate the appellant in the crime. Since an objection was not warranted, counsel's performance was not adversely affected by a conflict of interest. This assignment is, therefore, without merit.

### V.

Finally, in his third assignment of error, the appellant asserts misconduct on the part of the prosecuting attorney. Appellant and Ricky Lee Spees were tried jointly. Since we have previously determined that prosecutorial misconduct warranted a modification of the sentence of co-defendant Spees, We find it unnecessary to further discuss this allegation of error. *See Spees v. State*, 735 P.2d 571 (Okl.Cr.1987). Accordingly, the appellant's sentence is hereby modified from five (5) years imprisonment for the first burglary count, two (2) years imprisonment for the second burglary count, twenty (20) years imprisonment for the arson and a Two Thousand Dollar ($2,000.00) fine to two (2) years and six (6) months imprisonment for the first burglary count, one (1) year imprisonment for the second burglary count, ten (10) years imprisonment for the arson and a fine of One Thousand Dollars ($1,000.00). As MODIFIED, judgment and sentence is AFFIRMED.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED as MODIFIED.