Gregory MITCHELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–90–860.

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1993.

Rehearing Denied July 27, 1994.

Terry Oliver (At Trial), Asst. Public Defender, Barry Derryberry (On Appeal), Asst. Public Defender, Tulsa, for appellant.

Timothy H. Harris (At Trial), Asst. Dist. Atty., Tulsa, Susan Brimer Loving (On Appeal), Atty. Gen., Jennifer B. Miller, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

JOHNSON, Vice Presiding Judge:

Appellant, Gregory Mitchell, was tried by jury and convicted of the crime of Robbery with Firearm in violation of 21 O.S.Supp. 1982, § 801, in Case No. CF–89–1035 in the District Court of Tulsa County before the Honorable Jay D. Dalton, District Judge. The jury found Appellant guilty and recommended punishment at eighteen (18) years imprisonment. The trial judge sentenced accordingly. From this Judgment and Sentence, Appellant has perfected this appeal.

As we have found error requiring reversal, we deem a detailed recitation of the facts unnecessary. Additionally, we will address only that issue which requires reversal and remand for new trial.

Appellant complains:

1. That the flight instructions were improper because there was no evidence that Appellant, whose defense was that he was not present, departed with "consciousness of guilt in order to avoid arrest."

2. That the flight instructions were improper because it charged the jury with finding "the Defendant's innocence."

Appellant was charged with Robbery with Firearm. He was identified from a photographic lineup three days after the alleged robbery. He put on no defense at trial. The essence of his first argument is that the jury instruction is intrinsically erroneous because it assumes that the defendant committed the alleged crime. The OUJI–CR 806, as it relates to departure, is as follows:

EVIDENCE HAS BEEN INTRODUCED OF THE DEFENDANT'S DEPARTURE SHORTLY AFTER THE ALLEGED CRIME WAS COMMITTED. YOU MUST FIRST DETERMINE WHETHER THIS ACTION BY THE DEFENDANT CONSTITUTED FLIGHT.

THE TERM "FLIGHT," AS IT IS USED IN THIS INSTRUCTION, MEANS MORE THAN DEPARTURE OR CONCEALMENT. TO BE IN FLIGHT, A DEFENDANT MUST HAVE DEPARTED WITH A CONSCIOUSNESS OF GUILT IN ORDER TO AVOID ARREST.

**[THE DEFENDANT HAS OFFERED EVIDENCE EXPLAINING HIS ACTS. YOU MUST CONSIDER THE CLAIM OF THE DEFENDANT IN DETERMINING IF FLIGHT OCCURRED.]** Must be given where defendant has introduced evidence explaining his acts.

TO FIND THAT THE DEFENDANT WAS IN FLIGHT YOU MUST FIND BEYOND A REASONABLE DOUBT THAT: *FIRST*, THE DEFENDANT DEPARTED; *SECOND*, WITH A CONSCIOUSNESS OF GUILT; *THIRD*, IN ORDER TO AVOID ARREST FOR THE

CRIME WITH WHICH HE IS CHARGED.

IF, AFTER A CONSIDERATION OF ALL THE EVIDENCE ON THIS ISSUE, YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS IN FLIGHT, THEN THIS FLIGHT IS A CIRCUMSTANCE WHICH YOU MAY CONSIDER WITH ALL THE OTHER EVIDENCE IN DETERMINING THE QUESTION OF THE DEFENDANT'S GUILT. HOWEVER, IF YOU HAVE A REASONABLE DOUBT THAT DEFENDANT WAS IN FLIGHT, THEN THE FACT OF ANY DEPARTURE IS NOT A CIRCUMSTANCE FOR YOU TO CONSIDER.

■ While the instruction does assume the defendant to have committed the crime, such assumption is well placed under the circumstances where the instruction is appropriate. This Court has long upheld the giving of flight instructions where the defendant interposed a plea of self-defense or justifiable homicide or testified at trial explaining his departure. See *Colglazier v. State*, 23 Okl. Cr. 23, 212 P. 332, 335 (1923); *Bruner v. State*, 31 Okl.Cr. 351, 238 P. 1000 (1925); *Sprouse v. State*, 52 Okl.Cr. 184, 3 P.2d 918, 919 (1931); *Lunsford v. State*, 53 Okl.Cr. 305, 11 P.2d 539, 540 (1932); *Compton v. State*, 74 Okl.Cr. 48, 122 P.2d 819, 821 (1942); *Graham v. State*, 80 Okl.Cr. 159, 157 P.2d 758, 763 (1945); *Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72, 75 (1952); *Smith v. State*, 291 P.2d 378, 380 (Okl.Cr.1955); *Ward v. State*, 444 P.2d 255, 259 (Okl.Cr.1968); *Padillow v. State*, 501 P.2d 837, 841 (Okl.Cr.1972); *Voran v. State*, 536 P.2d 1322 (Okl.Cr.1975); *Lane v. State*, 572 P.2d 991, 994 (Okl.Cr.1978); *Douma v. State*, 749 P.2d 1163, 1167 (Okl.Cr. 1988); *Scott v. State*, 751 P.2d 758, 760 (Okl. Cr.1988); *Stewart v. State*, 757 P.2d 388, 393 (Okl.Cr.1988); *McDonald v. State*, 764 P.2d 202, 204 (Okl.Cr.1988).

We have also held the instructions appropriate where defendant's statements concerning departure are made in a voluntary confession. See *Denney v. State*, 346 P.2d 359, 366 (Okl.Cr.1959); *Potter v. State*, 511 P.2d 1120, 1125 (Okl.Cr.1973); and *Alberty v. State*, 561 P.2d 519, 520 (Okl.Cr.1977). Un-

der these circumstances, it is the defendant who either admits to the alleged crime and/or places himself at the scene, thus removing any assumptions.

Throughout the history of the judicial development of our law on flight instructions as it pertains to departure, we have required that the defendant offer evidence in explanation of such conduct. See *Brunner*, 238 P. 1000, where we stated:

Flight of a defendant is a circumstance tending to prove guilt, and where the state offers evidence of the conduct of defendant tending to prove flight, *and* the defendant offers evidence in explanation of such conduct, it is proper to submit the question of flight to the jury as a matter of fact for their determination, and to instruct them that, if they find beyond a reasonable doubt that the defendant fled, it may be considered as a circumstance tending to prove guilt. (Emphasis added.)

In *Sprouse*, 3 P.2d at 920, we held:

Where there is evidence of flight *which is denied or what appears to be flight is explained,* the court, if it instructs on the matter of flight should be guarded in its language and not assume the conduct of accused is a flight. (Emphasis added.)

In *Lunsford*, 11 P.2d at 540, this Court held:

The question of flight is one of fact and not of law, *and where the question is controverted,* the court in its instructions should not assume that the defendant fled, but if any instruction upon the question of flight is given, it should be submitted to the jury as a question of fact. (Emphasis added.)

■ It was our decision in *Wilson*, 250 P.2d at 75, that not only held that the trial courts should first define flight in their instructions to the jury, but also offered the following instruction on flight:

Evidence has been introduced relative to the departure of the defendant after the alleged assault had occurred. You are instructed that you must first determine whether or not the actions of the defendant constituted flight. In this connection you are told that you may consider all the facts and circumstances before you, *in-*

*cluding the defendant's explanation of his departure from the scene of the difficulty,* and if after a consideration of such evidence you are convinced beyond a reasonable doubt that the defendant fled after the alleged assault occurred then such flight is a circumstance that may be considered by you with all the other facts and circumstances in evidence in determining the question of his guilt or innocence. (Emphasis added.)

It is clear from the above cases that instructions on flight pertaining to departure should be given only in cases where the evidence is controverted by the defendant and as an exception rather than as a rule.

■ It appears that the third paragraph of OUJI–CR 806 may be causing the confusion where it notes: "Must be given where defendant has introduced evidence explaining his/her acts." It could be inferred that even if the defendant does not introduce evidence explaining his/her acts, flight instructions pertaining to departure may still be given. The correct inference from that language is that in cases dealing with other acts constituting flight, i.e., concealment, escape or attempt to escape from custody, bond forfeiture, etc., the third paragraph need not be given. In those cases, the appropriate act is substituted for the word "departure," where relevant in the instruction. This inference is based on the fact that OUJI–CR 806 follows the guidelines articulated in *Wilson,* 250 P.2d 72. See Commission Comment, OUJI–CR 806, P. 284.

Because of the State's position that intentional flight is demonstrated merely by leaving the scene of the crime and because the flight instruction, as it pertains to *departure,* assumes the defendant to have committed the alleged crime, it is necessary to limit the giving of said instruction as indicated above. To do otherwise would put the trial court in the position of violating the elementary principle that the accused shall be presumed to be innocent until proven guilty. See *State v. Bonning,* 60 Mont. 362, 199 P. 274, 275 (1921), one of the cases on which this Court relied in *Sprouse,* 3 P.2d at 919.

■ Recently, this Court, in *Kamees v. State,* 815 P.2d 1204, 1206 (Okl.Cr.1991), held

that the defendant's act of running away with the stolen item, completed the element of "carrying away" required for grand larceny. Thus, it was error, though harmless, to give instructions on flight. While the same argument can be made for robbery, we believe the violation of a defendant's fundamental presumption of innocence to be far more grave; and, thus the error to be fundamental. Based on the facts in this case, it was reversible error to give instructions on flight.

■ Appellant's second argument is that the instruction charged the jury to find the defendant was innocent beyond a reasonable doubt, due to the language in the instruction, "... then this flight is a circumstance which you may consider with all the other evidence in the case determining the question of the defendant's guilt or innocence." Appellant cites several early opinions of this Court in support of his argument. However, we do not find OUJI–CR 806 to be analogous to the instructions in those cases. In essence, the juries were instructed that if they found and believed from the evidence that the defendant did the act alleged in the information, it would be their duty to convict him, and further after hearing all the evidence they believed that the defendant was innocent, then it was their duty to acquit him. In those cases, this Court consistently held that the instruction violated the most fundamental rule that the burden is on the State and not on the defendant. Further, it required the defendant to prove that he did not do the act alleged in the information. This Court stated that the only burden resting on the defendant was to raise a reasonable doubt of his guilt.

■ More recently, this Court reaffirmed our long held position that it is improper to tell a jury they must determine guilt or innocence. It is the jury's duty to determine whether the State has demonstrated guilt beyond a reasonable doubt. If the State fails to sustain its burden, the jury must find the defendant not guilty. *Vuletich v. State,* 735 P.2d 568, 569 (Okl.Cr.1987). While the language complained of is not a model of good grammatical construction, it does not charge the jury with the task of finding the defen-

dant's innocence. The phrase, "determining the question of the defendant's guilt or innocence" merely modifies the word, "evidence." However, because of the confusion and because of superfluity, we find that the last paragraph of OUJI–CR 806 should be amended as follows:

IF, AFTER A CONSIDERATION OF ALL THE EVIDENCE ON THIS ISSUE, YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS IN FLIGHT, THEN THIS FLIGHT IS A CIRCUMSTANCE WHICH YOU MAY CONSIDER WITH ALL THE OTHER EVIDENCE IN DETERMINING THE QUESTION OF DEFENDANT'S GUILT. HOWEVER, IF YOU HAVE A REASONABLE DOUBT THAT DEFENDANT WAS IN FLIGHT, THEN THE FACT OF ANY DEPARTURE IS NOT A CIRCUMSTANCE FOR YOU TO CONSIDER.

Said amended paragraph must be given in all cases after the mandate in this case is handed down.

Based on the foregoing, this case is **REVERSED** and **REMANDED** for a new trial.

LUMPKIN, P.J., concurs in part/dissents in part.

LANE, J., joins in LUMPKIN'S concur in part/dissent in part.

CHAPEL, J., specially concurs.

STRUBHAR, J., concurs.

LUMPKIN, Presiding Judge, concurring in part/dissenting in part.

I respectfully dissent to the reversal of this case and disagree with the conclusion that a jury instruction on flight can only be given in cases where the evidence is controverted by the defendant. Reading the quotations cited by the majority, it is easy to understand how this conclusion was reached. But in reading the cases in their entirety, the underlying principle of law is truly identified. That principle is an instruction on flight is to be given whenever the State introduces evidence that the defendant has fled the scene. Further, if the defendant offers an explana-

tion for his conduct, that explanation must also be considered by the jury.

In early cases reviewed by this Court, the jury was given instructions informing them that the defendant had fled the scene of the crime and this was evidence of guilt. See *Bruner v. State*, 31 Okl.Cr. 351, 238 P. 1000 (1925); *Sprouse v. State*, 52 Okl.Cr. 184, 3 P.2d 918 (1931); *Lunsford v. State*, 53 Okl. Cr. 305, 11 P.2d 539 (1932). This Court struck down those instructions, finding they assumed the defendant's guilt. We stated flight meant not merely leaving the scene but leaving the scene with consciousness of guilt, and whether or not the defendant's conduct constituted flight was a question of fact for the jury. We further stated if the defendant offered an explanation for his leaving the scene, that evidence should be considered by the jury upon the question of flight. These principles were set down in a comprehensive manner in *Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72 (1952). In the suggested instruction provided in that case, the jury was informed that evidence had been introduced concerning the defendant's departure from the scene. In determining whether this conduct constituted flight, the jury was told to consider any explanation the defendant may have offered, and if after consideration of the evidence, the jury was convinced the defendant fled the scene with a consciousness of guilt, then such flight was a circumstance to be considered in determining guilt or innocence. *Wilson* did not premise the giving of the flight instruction upon the defendant controverting that evidence. The giving of the flight instruction was based upon the State's introduction of any evidence tending to show flight. This principle is reflected in the flight instruction provided in the Oklahoma Uniform Jury Instructions—Criminal number 806. That instruction follows the guidelines of *Wilson* and includes an optional paragraph to give to the jury if the defendant offers an explanation for his departure. This Court has upheld the giving of OUJI–CR 806 whenever evidence relevant to flight has been introduced by the State, regardless of whether the evidence was controverted. In *Farrar v. State*, 505 P.2d 1355, 1360–1361 (Okl.Cr. 1973) we stated:

... the standard governing jury instructions relative to flight is not whether other explanations may be explicable of the circumstances surrounding the apprehension, but whether, viewed in the context of other evidence, it tends to establish guilt or innocence.

In *McDonald v. State,* 764 P.2d 202, 204 (Okl.Cr.1988) the defendant complained the flight instruction given was not proper as it did not contain the third paragraph of OUJI–CR 806. This Court held that it was not necessary to give that third paragraph where the defendant failed to offer evidence explaining his departure from the scene of the crime. *See also Potter v. State,* 511 P.2d 1120, 1125 (Okl.Cr.1973) (giving of flight instruction upheld despite failure of defendant to explain leaving the scene).

I find the above cases represent the appropriate interpretation of the law governing the flight instruction. To limit the giving of an instruction on flight to the existence of controverting evidence presented by the defense as the Court opinion suggests would unfairly allow evidence of flight to be incorrectly interpreted and applied by a jury. This instruction must be given each time evidence of flight is presented, whether explained or not, to properly channel the jury's decision making process to ensure that evidence is not given greater weight than it should receive. Without the guidance of the instructions, the jury could jump to the conclusion just because a defendant left the scene, he or she was ipso facto guilty. Through the holding in this decision, the Court determines, with a "consciousness" of result, it will be allowing the State to argue the issue of flight in closing argument in any case where evidence of flight is admitted during trial without the narrowing instruction being submitted to the jury.

The majority does not contest the well established rule that flight can be a circumstance tending to show guilt. Therefore, when any evidence tending to show guilt, whether it be relevant to the commission of the offense or departure from the scene, is introduced, the jury is to be instructed on the consideration to be given that evidence. The

only time in which this Court has held the defendant's presentation of evidence is a prerequisite for an instruction is on the issue of his theory of defense.

In the present case, the State presented evidence of Appellant's departure from the scene of the crime. Whether the conduct constituted flight was a question properly left to the jury under appropriate instructions. OUJI–CR 806 is a correct statement of the law and should be given to the jury whenever the State has presented evidence tending to show flight. However, I do concur in the amendment to the last portion of the instruction changing the phrase "determining the question of the defendant's guilt or innocence" to "determining the question of the defendant's guilt" per our decision in *Vuletich v. State,* 735 P.2d 568, 569 (Okl.Cr.1987).

I am authorized to state Judge LANE joins in this separate vote.

CHAPEL, Judge, specially concurring:

I concur with the Court's decision in this case to reverse and remand for a new trial. However, I would take this opportunity to abandon the use of the flight instruction in criminal trials in Oklahoma. The Oklahoma Instruction, OUJI–CR 806, cannot be made acceptable by minor changes in wording because there is no valid reason to ever give such an instruction.

First, the instruction "serves no real purpose, as it is a particularization of the general charge on circumstantial evidence, and as the state is free to use circumstantial evidence of flight to argue the defendant's guilt." *Cameron v. State,* 256 Ga. 225, 345 S.E.2d 575, 578 (1986) (Bell, J., Concurring).

More importantly, however, evidence that a person left the scene of an alleged crime proves only that he or she departed. "... [I]t is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses." *Alberty v. U.S.,* 162 U.S. 499, 16 S.Ct. 864, 868, 40 L.Ed. 1051 (1896).[1] To infer

---

1. The Supreme Court has "consistently doubted    the probative value in criminal trials of evidence

guilt from departure is not a leap I am prepared to sanction.

that the accused fled the scene of an actual or supposed crime." *Wong Sun v. U.S.*, 371 U.S.

471, 483 n. 10, 83 S.Ct. 407, 415 n. 10, 9 L.Ed.2d 441 (1963).