**Orbin Elder FRITZ, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–413.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Orbin Elder Fritz, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–2352 for the crime of Robbery with Firearms, in violation of 21 O.S.1971, § 801. Trial was had to a jury which found defendant guilty and fixed punishment at ten (10) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that John M. Weir operated Ken's Grocery on South Pennsylvania in Oklahoma City. On June 7, 1975, he was not present when a robbery occurred in the store; however, he arrived approximately thirty minutes later and determined that about $3,240.00 had been taken in the robbery.

Charles Wayne White testified that on June 7, 1975, he was employed as a checker at Ken's Redbud Grocery; about 10:15 p. m. a man, whom he identified in court as defendant, put a revolver on him and demanded the money, which White gave to him. The robber warned them not to call police and on his way out, he shot into the bottom of the door. White admitted that at the preliminary hearing he could not identify defendant as the robber.

Floyd Parnell testified that on the evening of June 7, 1975, he was a customer in Ken's Redbud Grocery. He saw a man, whom he identified in court as defendant, point a revolver at the cashier, Charles Wayne White, and demand money. Taking the money, the robber warned against calling police and left, firing a shot into the bottom of the door seal. Parnell was shown some six or seven mug shots by police, from which he selected a picture of the defendant as being the robber. He also identified defendant at the preliminary hearing.

Officer Woodie, of the Oklahoma City Police Department, testified that he investigated the robbery, talked to persons involved and obtained descriptions. Later he showed seven or eight mug shots, one of which was defendant's, to Parnell and the later identified defendant's picture as being that of the robber.

Defendant testified that on June 7, 1975, he was in Joplin, Missouri. He had left Oklahoma City the last of May, the Memorial Day weekend, and did not return until June 28, 1975. He had worked in a barber shop near Ken's Redbud Grocery, and had been in the grocery occasionally, but not since March of 1975. He denied the robbery and any knowledge of it.

In his first assignment of error, defendant contends that he should have been granted a continuance. In support of this assignment, he sets forth the following:

"On the morning of November 12, 1975, this case came on for jury trial and the following occurred (Tr 2):

'MR. ELLIOTT: Comes now the defendant, Orbin Elder Fritz in this cause and moves the trial court for a continuance of at least three days for the reason that as of this morning, the cause was called for trial, the defendant for the first time apprised defense counsel of additional alibi witnesses.

'Therefore, obviously the defense counsel has not had sufficient time to verify or investigate said alibi witnesses, and request the court for such time as may be necessary to do so.

'The defendant would also apprise the Court that in checking previous alibi witnesses, that the defendant has furnished, we have been able to corroborate that he was where he said he was, that he was doing what he said he was doing, our trouble has been in pinning down the date. The dates have always been wrong, and for this reason we feel it is not a sham and it is not a delay tactic, and there could very possibly be some merits to the additional alibi witnesses that the defendant furnished this date, and for that reason

we ask the Court for a continuance of this trial.'

"The continuance was denied (Tr 3).

"At an in camera hearing at the close of the State's case, defendant made an offer of proof of four documents:

Ex 1 a pawn ticket from an unnamed pawn shop indicating pawn by defendant of a portable TV on June 5, 1975;

Ex 2 a pawn ticket from an unnamed pawn shop indicating pawn by defendant of barber tools on June 4, 1975;

Ex 3 a receipt from a Dr. Kilbane, of Joplin Mo., showing payment by defendant of $5 on June 4, 1975, for a health card;

Ex 4 a permit from the Joplin police department dated June 4, 1975, granting defendant temporary permission to work as a waiter or bartender;

"Counsel readily conceded that these items were hearsay, but offered them in justification for a continuance in order to discover alibi witnesses (Tr 45).

"The offer of proof was denied (Tr 46).

"We urge that the defendant should have been granted the continuance."

■ First, we observe that this Court has repeatedly held that an application for continuance is addressed to the sound discretion of the trial court, and unless an abuse of this discretion is shown, a judgment will not be reversed on appeal. See *Davis v. State,* 10 Okl.Cr. 169, 135 P. 438 (1913) and *Lemmon v. State,* Okl.Cr., 538 P.2d 596 (1975). In order to determine whether the court abused its discretion, we must consider the offer of proof which was not timely made, but assuming that it was timely offered, whether these exhibits would have rendered the court's refusal to grant a continuance an abuse of discretion. We observe that the defendant did not mention any person with whom he was in contact in Joplin, Missouri or where he was on the day and at the time of the robbery, although he had ample opportunity to testify to this during his direct testimony.

In *Cook v. State,* Okl.Cr., 345 P.2d 902 (1959), this Court held:

" . . . This court has repeatedly held that to entitle the defense of alibi to consideration, the evidence must be such as to show that at the very time of the commission of the crime charged the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission thereof. . . ."

See, also *Grimes v. State,* Okl.Cr., 365 P.2d 739 (1961).

■ It is readily apparent from the exhibits tendered as an offer of proof that three of them, if true, would have placed the defendant in Joplin, Missouri on the 4th of June and the fourth exhibit would have placed him there on the 5th of June, at least two days prior to the commission of the crime. These exhibits contained in the offer of proof did not corroborate the defendant's testimony relating to alibi, and, therefore, they did not support the defendant's motion for a continuance. This Court takes judicial notice that the distance between Oklahoma City and Joplin, Missouri can easily be traveled by car or bus in one day and a much shorter time by air. For this reason, and in light of the authorities above set forth, we are of the opinion that the trial court did not abuse his discretion in denying the motion for continuance.

■ The second assignment of error raises the issue of the sufficiency of the evidence to support the verdict. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the

facts. See, *Jones v. State,* Okl.Cr., 468 P. 2d 805 (1970).

■ The final assignment of error presents the question of whether the sentence is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See, *LaRue v. State,* Okl.Cr., 404 P.2d 73 (1965).

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

· BRETT, P. J., and BLISS, J., concur.