Alvin Darnell **MAYBERRY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–78–88.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1979.

---

Stanley D. Monroe, Appellate Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Bruce R. Rooker, Legal Intern, for appellee.

OPINION

CORNISH, Presiding Judge:

Appellant, Alvin Darnell Mayberry, was convicted of the offense of Indecent Proposal to Child, pursuant to 21 O.S.1971, § 1123,

in the District Court of Tulsa County, Case No. CRF–76–1876. Punishment was set at three (3) years' imprisonment.

The evidence at trial showed that on July 8, 1976, 13-year-old D. R. went to Mohawk Park with her brother and two friends at approximately 2:30 p. m. On that date while separated from her friends, D. R. saw a black male riding a white horse. As she continued walking, the man asked, "Do you want to make some money?" She replied "No," and the man then asked, "Do you want to screw?" She told the man "No" and ran to join her friends. After relating the incident, she went to a friend's house where a call was made to the police. At trial D. R. identified the appellant as the man in the park on the afternoon of July 8, 1976.

In response to the call, Officer G. J. Palmer of the Tulsa Police Department went to the residence. En route, he received a radio call for a backup unit from Officer R. Z. Keys at approximately 3:15 p. m. Upon arriving at Officer Keys' location near Mohawk Park, Officer Palmer saw Officer Keys questioning the appellant, who was in possession of a white horse. Officer Palmer then went to the residence where he obtained information about the incident from D. R. Thereafter, Officer Palmer returned to the park but was unable to locate the appellant. As a result of the information obtained, the appellant was ultimately arrested on July 15, 1976. At trial, Officer Palmer identified the appellant as the man with the white horse whom he had seen with Officer Keys near Mohawk Park on the date of the alleged crime.

I

 The appellant first challenges the sufficiency of the evidence and the constitutionality of 21 O.S.1971, § 1123.[1] He argues

---

1. Title 21 O.S.1971, § 1123, provides in pertinent part:

"Any male person over sixteen years or female person over eighteen years of age who shall knowingly and intentionally make any oral or written *lewd or indecent proposal* to any child under the age of fourteen years for such child to have unlawful sexual relations or sexual intercourse with him or her *or any other person; . . .* shall be deemed guilty of a felony and upon conviction thereof he shall be punished by imprisonment in the Oklahoma State Penitentiary for a term of not less than one (1) year nor more than twenty (20) years. *. . . .*" (Emphasis added)

there was no proof that the words "Do you want to screw" were lewd or indecent proposals for sexual relations or sexual intercourse. We find no merit to this argument as the words "Do you want to screw" are generally understood as referring to sexual intercourse. Because of the meaning commonly attributed to these words, we are of the opinion that the State met its burden of proof and that the trial court properly submitted the issue to the jury. Where there is competent evidence in the record from which the jury could reasonably conclude that the accused was guilty as charged, this Court will not interfere with the verdict, even though there is a conflict in the evidence and different inferences may be drawn therefrom. See *Evans v. State,* Okl. Cr., 569 P.2d 503 (1977).

■ The appellant also contends it is an element of the offense that he must have intended the prosecuting witness to have sexual intercourse with him, and that the State failed to prove this. This contention is wholly without merit. By the express language of the statute, the offense is committed when the proposal is made to have sexual relations with the person charged or any other person.

■ Next, the appellant claims that 21 O.S.1971, § 1123, (see n. 1) is unconstitutionally vague. The standard for determining if a criminal statute is void for vagueness is as follows:

"[I]s the expression of the crime so clearly explicit that every person of ordinary intelligence may understand the specific provisions thereof, and determine in advance what is and what is not prohibited? . . ." (Citations omitted) *Whaley v. State,* Okl.Cr., 556 P.2d 1063 (1976).

Thus, a criminal statute is void only when it is so vague that men of common intelligence must necessarily guess at its meaning. See *State v. Madden,* Okl.Cr., 562 P.2d 1177 (1977). Applying the foregoing standard to the statute in question, we are of the opinion that the statute is not so vague as to be violative of due process.

■ The appellant's final argument in his first assignment of error is that 21 O.S.1971, § 1123, is overbroad and violative of the First Amendment guaranty of free speech. In *Conchito v. City of Tulsa,* Okl. Cr., 521 P.2d 1384 (1974), we observed that a law which undertakes to punish speech may be upheld only by the showing of a compelling state interest, and the words made punishable by such a provision must come within certain specific and narrowly limited classes of speech. We are of the opinion that the statute under scrutiny in this case clearly meets the foregoing criteria and, accordingly, find no merit to the appellant's argument.

## II

■ Next, the appellant argues that the trial court erred in not granting a mistrial for alleged prejudicial comments made by the prosecutor, Mr. Jerry Truster. A few examples of the comments complained of are as follows. First, in response to an objection by defense counsel, the prosecutor stated, "Mr. Hickman doesn't want to hear the truth." The record reflects that similar comments were made by the prosecutor on two other occasions during the course of the trial. Again in response to defense counsel's objection the prosecutor stated, "One more minute Mr. Hickman and we are going out in the hall." The prosecutor continued to threaten defense counsel when he stated, "One more word and I'm going to pop you in the mouth." During cross-examination of the appellant, the prosecutor commented, "I want the man to testify truthfully."

We are of the opinion that these comments by the prosecutor were grossly improper. We will not condone personal attacks by the prosecutor against defense counsel. See *Chandler v. State,* Okl.Cr., 572 P.2d 285 (1977). Furthermore, it is error for the prosecutor to express his personal

belief that an accused is not testifying truthfully. See *Dupree v. State*, Okl.Cr., 514 P.2d 425 (1973).

### III

Finally, the appellant asserts that the prosecutor exceeded the bounds of proper closing argument by reading a passage from the Bible. We have repeatedly held that the right of argument contemplates a liberal freedom of speech and the range of discussion, illustration and argumentation is wide. See *Gay v. State*, Okl.Cr., 558 P.2d 1187 (1977), and *White v. State*, Okl.Cr., 552 P.2d 1161 (1976). We find that the argument in the record before us is well within the bounds of proper closing argument and, accordingly, find no merit to this allegation of error.

In conclusion, we are of the opinion that the combined effect of the improper comments made by the prosecutor resulted in depriving the appellant of a fair trial, necessitating modification of the judgment and sentence from three (3) years' imprisonment to one (1) year imprisonment.

*AFFIRMED* as *MODIFIED*.

BRETT and BUSSEY, JJ., concur.