Cornell TAHDOOAHNIPPAH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–602.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1980.

Rehearing Denied May 6, 1980.

Finis C. Gillespie, Gillespie, Perry & Gentry, and John D. Montgomery, Montgomery & Montgomery, Hobart, for appellee.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Brent Haynie, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Cornell Tahdooahnippah, was convicted in the District Court of Kiowa County, Case No. CRF–76–34, of Murder in the Second Degree. Punishment was set at ten (10) years' imprisonment. This conviction was obtained in a third trial after the juries in the two previous trials were unable to reach a verdict.

On August 4, 1976, in the home of Arthur Geimausaddle, Darrell Onco, the appellant's half brother, and Melvin N. Prentiss had a fight over Darrell's paint sniffing, in which Darrell sustained a cut over his eye. After the fight, Darrell went home and the appellant cleaned the wound. The appellant left the room briefly and when he returned a moment later, Darrell was not there. The appellant could not find Darrell in the house so he went outside to search for him. Hearing voices, he headed in the direction of the Geimausaddle house.

At this point, testimony about the events becomes conflicting. Donna Prentiss, Melvin's wife, testified that shortly after Darrell Onco left, she and Prentiss heard voices in the backyard. Prentiss grabbed a butcher knife, which she wrestled from him. When she and Prentiss went outside, she saw Darrell and the appellant, who was holding a rifle. Mrs. Prentiss said the appellant threatened to shoot Prentiss. A shot was then fired and the appellant told Mrs. Prentiss to get out of the way. She and Melvin Prentiss started toward the house and four other shots rang out. Prentiss fell to the ground, and Donna Prentiss saw Darrell and the appellant, still in possession of the rifle, run out of the backyard.

The appellant testified that, upon entering the Geimausaddle backyard, he found his .22 rifle propped against a trailer and carried it into the backyard where he placed it behind him. He then asked Prentiss if he was the "punk that got into the fight." At this time, he heard shots come from behind him and upon turning around he saw Darrell fumbling with the gun. After grabbing the gun he and Darrell started home.

It is unquestioned that at the hospital in Hobart, Oklahoma, Donna Prentiss shouted at Darrell, "You're the cause of all this." Further testimony by Mrs. Onco, the appellant's and Darrell's mother, indicated that Darrell Onco told the sheriff, "I did it." But the sheriff testified that Darrell said only that he had "caused" it.

In his first assignment of error, the appellant contends that the trial court improp-

erly sustained the State's motion in limine which excluded testimony of an incident with a similar fact situation involving Darrell Onco approximately 13 months after the crime with which the appellant was charged. The appellant asserts that this subsequent incident, in which Darrell got into a fight while sniffing paint and tried to shoot the other party, was relevant to his defense and should not have been excluded by the motion in limine.

■ This Court has previously recognized the motion in limine as a procedural device for use in Oklahoma. *Haury v. State*, Okl.Cr., 533 P.2d 991 (1975). A motion in limine is a pretrial written motion used to preclude prejudicial statements and questions which have no proper bearing on the issues in the case and which if heard by the jury would interfere with a fair and impartial trial. However, in *Teegarden v. State*, Okl.Cr., 563 P.2d 660 (1977), we ruled that a motion in limine is not conclusive, but advisory. An incorrect pretrial ruling on a motion in limine is not a reversible error. The error occurs only when the matter arises during the course of the trial and the trial court incorrectly permits or prohibits introduction of the contested evidence. Davis, *The Motion in Limine—A Neglected Trial Technique*, 5 Washburn L.J. 232 (1966). The appellant properly attempted to present the matter at trial where the motion in limine was sustained. Therefore, if the evidence excluded was not relevant, no error was made.

■ We find the trial court properly sustained the motion in limine, as the evidence of the second incident was not relevant to the appellant's case. In *Case v. State*, Okl. Cr., 555 P.2d 619 (1976), citing *Quinn v. State*, 55 Okl.Cr. 116, 25 P.2d 711 (1933), we held that a defendant may offer evidence to show that some other person committed the crime charged, but that evidence of acts or circumstances clearly pointing to another must be shown. It is not enough to show a possible motive on the part of another; the evidence must show an overt act by the third person towards the commission of a crime.

Even though the fight with Melvin Prentiss established a motive for Darrell Onco to have committed the crime, the record is void of an overt act connecting Darrell Onco with the crime. It is insufficient to merely place Darrell Onco at the scene of the murder. In the absence of an overt act connecting Darrell Onco with the commission of the crime with which the appellant is charged, the motion in limine excluding an act committed by Darrell Onco 13 months later was properly sustained.

■ In his second assignment of error, the appellant asserts that an improper statement by the prosecuting attorney in closing argument prejudiced the jury. In reviewing the record, this Court finds that the reference by the prosecuting attorney to defense counsel's alleged omission of a portion of the instruction was not objected to by the appellant. We have repeatedly held that when an objectionable statement is made by a prosecuting attorney, defense counsel must object and request that the jury be admonished to disregard the statement. *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975). The record reveals that defense counsel challenged the record; however, he did not object in the manner set forth by this Court in numerous prior decisions. This assignment is, therefore, without merit.

■ The appellant finally contends that the verdict was not supported by the evidence. We have consistently held that where the record contains competent evidence from which the jury could reasonably conclude the defendant was guilty this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. *Fritz v. State*, Okl.Cr., 554 P.2d 1197 (1976). This Court finds the evidence, although conflicting, sufficient to support the jury verdict.

The judgment and sentence is, accordingly, *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.