**Leonard GOODEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–269.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1980.

T. K. Caldbeck, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Duane N. Rasmussen, Asst. Atty. Gen., Richard Parrish, Legal Intern, for appellee.

## MEMORANDUM OPINION

CORNISH, Presiding Judge:

The appellant, Leonard Gooden, appeals a jury conviction of Burglary in the Second Degree, After Former Conviction of a Felony, with punishment set at ten (10) years' imprisonment, in the District Court of Oklahoma County, Case No. CRF–78–2489.

The appellant first asserts that the prosecutor attempted to inflame the jury and to unduly influence the verdict. He complains of the prosecution's repeated questions as to whether the appellant had ever been arrested for being "AWOL" from the Army. The State pressed the issue despite repeated sustained objections. The appellant also claims that the State committed error when it asked him if he reported income he had earned when self–employed. Here, too, the trial court sustained counsel's objection.

Great latitude should be allowed attorneys in cross–examining witnesses, but their questions should not contain insinuations that the defendant is guilty of some other crime. *Neely v. State*, 60 Okl.Cr. 99, 61 P.2d 741 (1936). Some misconduct is so flagrant that an admonition cannot cure the error. In view of the entire record we find the appellant's rights were prejudiced by these incompetent and insinuating questions. They had no relevance to the State's case in chief and appear to have been asked solely to create prejudice.

The appellant's next assertion is likewise meritorious. Here, the appellant contends that the prosecutor in his closing argument used evidence of his prior conviction to show a propensity to commit the alleged offense:

Does it stretch your imagination, strain your credibility to think that a man who has pulled an armed robbery in the past and got caught red handed when he was out of a job, didn't have any money, would then resort to burglary?

After a careful review of the record, we do not believe that this comment was made to challenge the appellant's credibility as a witness but, rather, was made to argue a propensity to commit the crime charged. This is not permissible. *O'Brien v. State*, Okl.Cr., 540 P.2d 579 (1975).

The appellant further correctly asserts that error occurred when the prosecuting attorney commented at various times throughout his closing argument about the appellant's post–arrest silence. The following are several examples of his flagrant abuse:

If this man was so innocent, wouldn't he say, God, no, lady [the arresting officer], I wasn't in there. Junior got me in all this trouble . . .

\* \* \* \* \* \*

He never ever said to them or to anyone, my God, I can't believe Junior ran out on me. He just sat there. Gave them a description of the man he was with. Never explained at all what he was doing in that building with the lights off and just smirked, then, nodding his head, were you in the building the first time I went through . . .

\* \* \* \* \* \*

He was smiling and nodding whenever they said were you inside the building . . .
He didn't say I'm innocent, I haven't done anything. He just simply described who he was with . . .

\* \* \* \* \* \*

This man right here, the fellow who just smiled and nodded when they said were you in the building the first time, sits before you in a trial where the State has proved his guilt beyond a reasonable doubt.

We have held that this Court will not reverse a conviction because of misconduct of the prosecuting attorney unless that misconduct influenced the verdict against the defendant. *Samples v. State*, Okl.Cr., 337 P.2d 756 (1959). We do not regard the above errors as harmless because we cannot

determine beyond a reasonable doubt that the improper prosecutorial remarks did not determine the guilty verdict. *Brown v. State*, Okl.Cr., 541 P.2d 242 (1975). Furthermore, when a review of the entire record reveals numerous irregularities that tend to prejudice the rights of a defendant and where an accumulation of errors denies a defendant a fair trial, the case will be reversed, even though one of the errors, standing alone, would not be ample to justify reversal. *Lovell v. State*, Okl.Cr., 455 P.2d 735 (1969).

Therefore, we conclude that the prosecutor's conduct in this case warrants a reversal with remand for new trial. Conduct of this magnitude not only thwarts the fair administration of our system of criminal jurisprudence, but causes a needless burden on our trial judges and expense on the public.

REVERSED and REMANDED.

BRETT and BUSSEY, JJ., concur.