**Rick Allen CRISP, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–331.**

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1983.

E. Alvin Schay, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Lynn Rambo-Jones, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Rick Allen Crisp, was convicted of First Degree Rape, in Delaware County District Court, Case No. CRF–81–65, was sentenced to thirteen (13) years' imprisonment, and he appeals, raising three (3) assignments of error.

Evidence introduced at trial established that on April 25, 1981, Ms. B.V., the prosecutrix, was working the 4:00 p.m. to 1:00 a.m. shift at a convenience store in Grove. After she began to close the store, a man entered and asked if he could buy cigarettes. Ms. B.V. replied that she could not sell any as the cash register was closed. The man, identified by her at trial as the appellant, left.

Shortly thereafter, the prosecutrix went outside to check the readings on the store's gasoline pumps. Again the appellant approached her; at this point he stated that he wanted her, not the cigarettes. He produced a knife, took her firmly by the arm, and led her to his car. After forcing her into the car, he drove off.

During the drive, the appellant threatened Ms. B.V. several times. Although she had not seen the knife since they left the store, she testified at trial that she was now "petrified" with fright, and believed that she would be killed if she in any way resisted. Upon reaching a secluded spot on a country road somewhere north of Grove, Ms. B.V. submitted unwillingly to oral sex and intercourse. Afterwards, the appellant apologized for his actions, drove the prosecutrix back to the store, and asked her not to call the police.

The appellant first argues that his conviction must be vacated because the state failed to prove essential elements of the crime charged. Here, the appellant contends that the State failed to prove that the rape was accomplished by either force and violence or threats of great bodily harm as required by the charging statute, 21 O.S. 1981, § 1114(A)(3). Essentially, the appellant's argument is that when a healthy, adult, knife-wielding male accosts a woman in the middle of the night, uses threatening language towards her, and forces her to accompany him, there is no threat of immediate and great bodily harm to the woman. We find this argument to be patently frivolous.

Appellant also argues that his conviction must be vacated because the State failed to prove that the prosecutrix failed to resist to the degree reasonable under the circumstances. The apparent basis for appellant's argument is that the prosecutrix was neither stabbed nor beaten. Again, we find appellant's argument totally without merit. To hold otherwise would require that an unarmed woman must resist her armed attacker to the point of receiving live-threatening wounds. This we refuse to do. See, *Barrett v. State,* 573 P.2d 1221 (Okl.Cr.1978); *Holmes v. State,* 505 P.2d 189 (Okl.Cr.1973); *Strunk v. State,* 450 P.2d 216 (Okl.Cr.1969).

In his second assignment of error, the appellant contends that comments made by the prosecutor infringed upon his United States Constitutional fifth and fourteenth amendment rights against self-incrimination. We note first, however, that one of the two remarks complained of drew no objection by the appellant's counsel. Improper prosecutorial comments are waived if not objected to. *Tahdooahnippah v. State,* 610 P.2d 808 (Okl.Cr.1980). We note further that his proposition as a whole was not included in the appellant's motion for new trial. Failure to preserve specific allegations of error in the motion for new trial waives appellate review for all except fundamental error. *Nutter v. State,* 658 P.2d 492 (Okl.Cr.1983). A review of the records reveals that said comments do not constitute grounds for either reversal or modification of sentence.

The appellant's final assignment of error is that evidence of another crime was improperly admitted to his prejudice. The appellant contends that the prosecutrix's testimony that he committed an act of oral sodomy upon her just seconds before he commenced the rape was inadmissible under 12 O.S.1981, § 2404(B). We disagree. The sodomy was part of a series of continuing offenses, and as such, was admissible as part of the res gestae. *Carson v. State,* 529 P.2d 499 (Okl.Cr.1974).

In light of the above and foregoing, the judgment and sentence appealed from is AFFIRMED.