Timothy Charles BRODBENT,
Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-83-369.

Court of Criminal Appeals of Oklahoma.

June 5, 1985.

As Amended June 21, 1985.

Robert L. Whittaker, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Timothy Charles Brodbent, was convicted in the District Court of Oklahoma County, Case No. CRF–82–5042, of Murder in the Second Degree, was sentenced to life imprisonment, and he appeals.

The evidence presented by the State disclosed that on October 3, 1982, the appellant spent the evening visiting several bars in Oklahoma City. At the last bar he visited, the appellant spent one hundred dollars on a dancer with whom he sought a date. The dancer eventually left, however, with another man. The appellant followed the couple in his automobile for a short period of time.

Ultimately, the appellant decided to return to his apartment. Upon arriving there, he decided "to get some air." While walking down MacArthur Boulevard, he encountered Lori Sue Evans. He twice attempted to kiss her, she responded by first pushing him away, and then by hitting him with a stick. The appellant became incensed, struck Ms. Evans and wrestled her to the ground. Thereafter, when she ceased struggling, he left the scene. Her heavily bruised body was found the next day by a passerby. The medical examiner testified that the cause of death was asphyxia resulting from the compression of grass, dirt, and twigs into her mouth.

In a statement he made shortly after he was apprehended and while testifying on his own behalf, the appellant admitted to all the above except that he claimed Ms. Evans was alive when he left her.

In his first assignment of error, the appellant contends that the trial court erred by allowing the prosecutor to elicit testimony concerning his propensity for violence. A review of the record reveals that the appellant first placed this trait of his character into issue by stating on direct examination that he always tried to help rather than hurt people and that he had, at great risk to his own life, previously saved the lives of three or four people. Consequently, the prosecutor was entitled to rebut the same, 12 O.S.1981, § 2404(A)(1), by inquiring into specific instances of conduct. 12 O.S.1981, § 2405(A); *Ramsey v. State*, 558 P.2d 1179 (Okl.Cr.1977). This assignment of error is without merit.

In his second assignment of error, the appellant complains of numerous remarks made by the prosecutor during closing arguments. We note here that none of the comments now asserted as error drew either an objection or a request that the jury be admonished to disregard. Consequently, appellant review is waived except for fundamental error. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980). We have reviewed the closing argument, and conclude that the comments now complained of did not improperly influence the jury's verdict. Hence, there was no fundamental error. *Gooden v. State*, 617 P.2d 248 (Okl.Cr.1980).

The judgment and sentence appealed from is hereby AFFIRMED.

PARKS, P.J., specially concurs.

BRETT, J., concurs.

PARKS, Presiding Judge, specially concurring.

I agree with the Court's disposition of this case; and I agree that the prosecutor's improper comments did not reach the level of fundamental error. However, because improper argument seems to be a chronic condition, this case deserves comment. In this case, two types of improper argument were made.

First, the prosecutor, on more than one occasion, asked the jury to have sympathy for the victim. We have so often decried this tactic that it should not have to be repeated. *See e.g. Williams v. State*, 658 P.2d 499 (Okl.Cr.1983), and *Scott v. State*, 649 P.2d 560 (Okl.Cr.1983).

Second, the prosecutor made a number of derogatory references to the defense attorney and his arguments. He said:

"Now, I thought I had heard everything that could be said in a case until this lawyer got up here and tried to besmirch the character and reputation of [L.S.E.] ... counsel knows that fornication in this state is not against the law ... Are you supposed to let this man go because she might have intended to spend the night with [Mr. H.]? I thought I'd heard everything that could be heard. What an absurdity."

and,

"And I'm offended that [defense counsel] would try to besmirch the character of this dead victim when he sits there representing a man that spent Sunday night watching girls dancing naked and drinking, getting a little high probably, not drunk."

and,

"We've given him more due process of law than he could even have imagined giving [L.S.E.]. And his lawyer has the nerve to stand up here and plead to your sympathy about you hold his future."

It should be self-evident that this type of remark is not only improper argument, but also unprofessional conduct. Prosecutors can never be justified in such personal attacks on opposing counsel. *Mayberry v. State*, 603 P.2d 1150 (Okl.Cr.1979).