Richard R. REED, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–594.

Court of Criminal Appeals of Oklahoma.

April 29, 1986.

Judd James, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Richard R. Reed, appellant, was convicted in the District Court of Okmulgee County of Making Lewd or Indecent Proposals to a Child Under Sixteen and sentenced to two (2) years imprisonment in the custody of the Department of Corrections, and he appeals.

Briefly stated the facts are that on November 21, 1983, the victim, then fifteen (15) years of age, was walking to school when appellant, who the victim had met before, offered her a ride to school. After she accepted the offer and entered appellant's car, appellant drove to an alley and stopped, and gave her one hundred dollars ($100) and told her to keep it for him so that he could get some pot. Appellant then began to kiss the victim on the lips and hand, without her consent, until a group of people walked past the parked car. At that point, appellant drove to another alley and continued to kiss her and told her that "he wanted to make love to her." However, at no time did appellant harm or physically restrain the victim, but she did not consent and felt that she had no choice because appellant told her that "he was going to do it anyway."

When some boys walked up the alley, appellant drove away and parked in the street in front of a house. Although the victim had repeatedly told appellant that she needed to get to school, appellant continued to kiss her, placed his hand on her leg, and unbuttoned her pants, all without her consent. After the victim managed to get out of the car, she fled to a neighbor's house, and the police were contacted.

In his first assignment of error, appellant contends that the trial court erred in overruling appellant's motion to dismiss, motion for directed verdict, objection and motion for new trial in that the court's application of 21 O.S.Supp.1983, § 1123 to the facts in the instant case is void for vagueness under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. In particular, appellant argues that the statement, "I want to make love to you" is not an oral lewd or indecent proposal to have unlawful sexual relations within the purview of 21 O.S.Supp.1983, § 1123. We disagree.

21 O.S.Supp.1983, § 1123 provides in pertinent part:

Any person over eighteen (18) years of age who shall knowingly and intentionally make any oral or written lewd or indecent proposal to any child under sixteen (16) years of age for the child to have unlawful sexual relations or sexual intercourse with any person; or any such person who shall intentionally look upon, touch, maul, or feel the body or private parts of any child under sixteen (16) years of age in any lewd or lascivious manner ...

In *Mayberry v. State*, 603 P.2d 1150 (Okl.Cr.1979), we stated that a criminal statute is void for vagueness only when it is so vague that men of competent understanding must necessarily guess at its meaning. In *Mayberry*, we held that the words, "Do you want to screw," are generally understood as referring to sexual intercourse. We are of the opinion that, in the instant case, appellant's statement to the fifteen-year-old prosecutrix, "I want to make love to you," is likewise commonly understood by persons of common understanding to be a proposal to engage in

sexual intercourse; particularly, when coupled with appellant's statement that "he was going to do it anyway" and his continual kissing and fondling of the victim.

■ Furthermore, in *Mayberry* we upheld the constitutionality of 21 O.S.1971, § 1123 when it was challenged on grounds of vagueness, and the present statute 21 O.S.Supp.1983, § 1123 is identical to the 1971 statute except that the present statute provides protection for all minors under the age of sixteen (16) years of age rather than fourteen (14) years of age. Therefore, this assignment of error is without merit.

■ In his second assignment of error, appellant contends that the trial court erred in overruling his motion for new trial despite his objection that 21 O.S.Supp.1983, § 1123 is facially overbroad as well as in application and violative of the First and Fourteenth Amendment's guarantee of free speech of the United States Constitution. We disagree.

In *Mayberry*, supra, we addressed the issue of whether 21 O.S.1971, 1123 was overbroad and violative of the First Amendment guarantee of free speech, and we held that it was not overbroad in light of the principles set forth in *Conchito v. City of Tulsa*, 521 P.2d 1384 (Okl.Cr.1974). Therefore, since, as previously discussed, the only difference between 21 O.S.1971, § 1123 and 21 O.S.Supp.1983, § 1123 is that the age element of the statute has been changed, we are of the opinion that 21 O.S.Supp.1983, § 1123 is not overbroad. Therefore, this assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.