Opal I. TREECE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–86–596.

Court of Criminal Appeals of Oklahoma.

April 4, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

BUSSEY, Judge:

Opal I. Treece, the appellant, was convicted in the District Court of Woods County of three counts of Filing a False Statement to Obtain Unemployment Benefits, pursuant to 40 O.S. 1981, § 5–102, and received a sentence on each count of ten (10) days imprisonment in the Woods County Jail and a fine of five hundred dollars ($500.00), the sentences to run consecutively.

Simply stated, the facts of the case are that for three weeks in August and September of 1983, while appellant was employed as a schoolteacher by the Canton Public Schools, she continued to file for and to receive unemployment benefits of $173.00 a week from the Oklahoma Unemployment Security Commission.

Appellant's first assignment of error is that the evidence is insufficient to support the verdict in that the State failed to prove that appellant possessed the intent to file a false statement. Specifically, appellant claims the State failed to demonstrate that she had notice that continuing to receive unemployment benefits while employed was against the law.

When intent is an element of a crime, it is a question for the trier of fact to determine from competent evidence introduced at trial. *Plunkett v. State*, 719 P.2d 834 (Okl.Cr.1986); *Fields v. State*, 666 P.2d 1301 (Okl.Cr.1983). This determination is not to be disturbed on appeal if a rational trier of fact could have found the presence of intent when viewing the evidence in a light most favorable to the State. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

As evidence of appellant's intent, the State introduced at trial the certification cards that appellant signed to continue

to receive unemployment benefits at the time she was employed. The cards include the question, "Did you work this week?" with "yes" and "no" boxes to the right of the question. All three cards entered into evidence were signed by the appellant and have the "no" box checked. Appellant claimed at trial that the question is vague and that she thought that the question only referred to whether she had actually received compensation for employment for the weeks in question. These cards are competent evidence from which a rational trier of fact could determine that appellant had the intent to file a false statement. This assignment of error is consequently without merit.

■ Appellant's second assignment of error is that the State engaged in prosecutorial misconduct in its closing argument by introducing issues broader than the guilt or innocence of appellant. Appellant has waived review on all but fundamental error by her failure to contemporaneously object to the State's closing argument at trial. *Brodbent v. State*, 700 P.2d 1021 (Okl.Cr.1985); *Neal v. State*, 506 P.2d 936 (Okl.Cr.1973).

In closing argument, the Assistant District Attorney stated:

... this State is experiencing some hard times of its own. Every day you hear of laying off workers, and furloughs, and cutting salaries. Part of the problem the State is having is the same problem that the national government is having. The reason we have a national debt is because sometimes the government is too generous.

For fear of letting some member of our society starve, we cast the net of generosity too wide. And we pick up freeloaders who are interested in one thing, getting something for nothing.

Well, we got one of those people in Court today.... I am advocating striking out with a vengeance at people that take advantage of the government's generosity.

That is what the defendant has done in this case. She has taken advantage of every hard working taxpayer, in the State of Oklahoma, who gets up 8:00 to 5:00 every morning and puts in an honest days work. She has slapped those people right in the face.

Well, as Harry Truman used to say, the buck stops here. She is not going to steal from the people of the State of Oklahoma and get away with it. Not if I can help it.... Folks, I feel like I have done my part.... Now, I am going to call on you to do your part.

■ The State's closing argument raised exterior issues of government deficits and taxes, issues of no small concern to the taxpaying members of the jury. The use of issues by the State other than the issue of a defendant's guilt or innocence is improper closing argument. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978); *Ray v. State*, 510 P.2d 1395 (Okl.Cr.1973). However, in view of the overwhelming evidence of appellant's guilt, modification, and not reversal, is warranted by the error of the Assistant District Attorney's improper closing argument. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); *Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980). Accordingly, in the interest of justice, the judgments and sentences will be modified to three (3) days imprisonment and a fine of two hundred dollars ($200.00) on each of the convictions in CRM–85–223, CRM–85–224 and CRM–85–225.

Appellant's final assignment of error is that because appellant is indigent, it was error to assess fines of five hundred dollars ($500.00) for each of appellant's three convictions.

In light of the modification of the fines because of the prosecution's improper closing arguments, appellant's fines are now well within the five hundred dollar maximum prescribed by law. The fine as modified is not so excessive to shock the conscience of the Court. *Camp v. State*, 664 P.2d 1052 (Okl.Cr.1983). This assignment of error is therefore without merit.

Finding no error meriting reversal, the judgments and sentences as MODIFIED, are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.