**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JESSE WATSON,

      Petitioner-Appellant,

v.

BOBBY BOONE; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 97-5040
(D.C. No. 96-CV-460-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

      After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jesse Watson, appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Our jurisdiction arises under 28 U.S.C. § 2253. Because Watson filed his habeas petition in the district court on May 22, 1996, we review his petition under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996). See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).

Under AEDPA, a federal court may not grant a writ of habeas corpus with respect to any claim that was rejected on the merits by a state court unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). We grant petitioner's application for a certificate of appealability and we affirm. 28 U.S.C. § 2253(c).

**Background**

Petitioner was convicted of robbery with a firearm, unlawful wearing of a mask while in commission of a felony, felonious possession of a firearm, and possession of a police radio while in commission of a felony. He appealed his conviction to the Oklahoma Court of Criminal Appeals, which reversed on the

felonious possession of a firearm count, and summarily affirmed on all other claims. Petitioner sought post-conviction relief in Oklahoma state court, which was denied. On May 22, 1996, petitioner filed his petition for a writ of habeas corpus in the district court, raising eight grounds for relief, all of which had been raised in Oklahoma state court. The district court denied habeas relief, and concluded petitioner should not be granted a certificate of appealability.

Petitioner asserts that three of his claims warrant a certificate of appealability: (1) an instruction violated his presumption of innocence because it assumed as fact that he had departed from the crime scene; (2) the trial court erred in refusing to give his requested instruction cautioning the jury on identification testimony; and (3) several comments by the prosecutor denied him a fair trial.

### The Flight Instruction

The challenged flight instruction, a standard Oklahoma jury instruction, permits the jury to consider evidence of defendant's departure from the crime as a circumstance tending to prove guilt. The introductory paragraph of the instruction states, "[e]vidence has been introduced of the defendant's departure shortly after the alleged crime was committed. You must first determine whether this action by the defendant constituted flight."

After petitioner's state appeal, the Oklahoma Court of Criminal Appeals concluded that because this instruction assumes the defendant to have committed the crime, it was fundamental error to give it unless the defendant had either admitted to the alleged crime or otherwise placed himself at the scene, but interposed a plea of self-defense or otherwise testified at trial explaining his departure. Mitchell v. State, 876 P.2d 682, 684-85 (Okla. Crim. App. 1993), as corrected by 887 P.2d 335 (Okla. Crim. App. 1994). However, the court later held that the rule in Mitchell was an interpretation of state law, did not create any new constitutional rights, and, therefore, only applied prospectively. See Richie v. State, 908 P.2d 268, 276 (Okla. Crim. App. 1995), cert. denied, 117 S. Ct. 111 (1996); Rivers v. State, 889 P.2d 288, 292 (Okla. Crim. App. 1994).

Petitioner did not place himself at the scene of the crime and claims that giving this instruction violated his constitutional presumption of innocence. Assuming there is a constitutional error, an issue we do not decide, the effect of the instruction on the jury's verdict is subject to a harmless error analysis. Several Supreme Court decisions have held that instructions that erroneously created a presumption with respect to a factual element of the crime, though

unconstitutional, could be harmless error. See Carella v. California, 491 U.S. 263, 266 (1989) (instruction erroneously created a presumption as to a factual issue, case remanded for harmless error determination under Chapman v. California, 386 U.S. 18 (1967)); Rose v. Clark, 478 U.S. 570, 579-82 (1986) (same); Sandstrom v. Montana, 442 U.S. 510, 526 (1979) (same); see also California v. Roy, 117 S. Ct. 337, 339 (1996) (per curiam) (instruction that erroneously defined the crime held to be "trial error," rather than a "structural" error); Pope v. Illinois, 481 U.S. 497, 502-04 (1987) (instruction provided improper standard for determination of factual issue, remanded for harmless error determination).

The proper harmless error standard on collateral review is whether, considering the record as a whole, the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1993); see also Roy, 117 S. Ct. at 338 (same). We have carefully reviewed the record in this case and are satisfied from the evidence presented at trial that the challenged instruction did not substantially influence or taint the jury's verdict. Ample evidence was submitted of petitioner's guilt of the robbery charge, including an eyewitness who identified him as being at the scene of the robbery, eyewitnesses who identified him as the passenger in the car which fled the robbery scene, and other strong circumstantial evidence pointing to him as

the robber. We therefore find that petitioner is not entitled to habeas relief on this ground. See Nguyen v. Reynolds, No. 96-5254, 1997 WL 693685, at *17-18 (10th Cir. Nov. 7, 1997).

## Cautionary Identification Instruction

Petitioner claims eyewitness evidence was sufficiently weak that it was error for the trial court to deny his request to caution the jury as to the use of eyewitness identification testimony. As the district court ruled, under Oklahoma state law, this instruction is only to be given where there is a serious question concerning the reliability of the identification, see McDoulett v. State, 685 P.2d 978, 980 (Okla. Crim. App. 1984). We have reviewed the record and find no error in the trial court's refusal to give the instruction.

## Claims of Prosecutorial Misconduct

Petitioner claims several comments by the prosecutor deprived him of a fair trial. Review of prosecutorial misconduct on habeas relief is limited to the question of whether the challenged statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). In evaluating whether improper prosecutorial comments render a defendant's trial fundamentally unfair, the court views the comments within the context of the trial as a whole. United

States v. Young, 470 U.S. 1, 11-12 (1985). The court considers "the pertinent surrounding circumstances at trial, including the strength of the state's case relating to the petitioner's guilt, and the prejudice, if any, attributable to the prosecutor's comments." Brecheen v. Reynolds, 41 F.3d 1343, 1355 (10th Cir. 1994) (internal quotation and citation omitted).

Petitioner first claims as error what he characterizes as the prosecutor's attempts to define reasonable doubt. The prosecutor asked jurors during voir dire not to impose a heavier burden on the state than reasonable doubt, and described certain examples, which he asked the jurors to agree would place a higher burden on the state than the reasonable doubt standard. Oklahoma has held that it is error for the trial judge or prosecutor to try to define reasonable doubt. See Williams v. State, 658 P.2d 499, 500 (Okla. Crim. App. 1983). However, the prosecutor's statement did not misstate the burden of proof, nor did his attempted definition "create[] such confusion and uncertainty in the minds of the jury so as to render the verdict possibly unfair and violative of defendant's right to a fundamentally fair trial." Jones v. State, 554 P.2d 830, 835 (Okla. Crim. App. 1976). Thus, we find no constitutional error in the prosecutor's remarks.

Petitioner next claims the prosecutor attempted to convey to the jury that the presumption of innocence was eliminated at the end of testimony, prior to deliberations. The prosecutor opened his rebuttal closing argument with the

-7-

statement, "[t]he defense is right, the defendant is presumed to be innocent. It's now time to lift that presumption. It's time to make that go away." Tr. at 408.

It is settled law that "[t]he presumption of innocence . . . remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and . . . is extinguished only upon the <u>jury's</u> determination that guilt has been established beyond a reasonable doubt." <u>Mahorney v. Wallman</u>, 917 F.2d 469, 471 n.2 (10th Cir. 1990) (emphasis in original). In <u>Mahorney</u>, the prosecutor made misstatements concerning the presumption of innocence during voir dire and closing arguments, and his closing argument comments conveyed to the jury that the presumption of innocence had been eliminated prior to deliberations. <u>Id.</u> at 471. We granted habeas, finding that the prosecutor's comments negated the defendant's constitutionally rooted presumption of innocence. <u>Id.</u> at 473-74.

We do not condone the prosecutor's remarks in this case. However, the comments in <u>Mahorney</u> were more egregious and pervasive than here.[1]

---

[1]     In <u>Mahorney</u>, the prosecutor stated, "I submit to you, under the law and the evidence, that we are in a little different position today than we were in when we first started this trial and it was your duty at that time, under the law of this land, as you were being selected as jurors, to actively in your minds presume that man over there not to be guilty of the offense of rape in the first degree, but you know, things have changed since that time. I submit to you at this time, under the law

(continued...)

-8-

Further, the jury was properly instructed as to the presumption of innocence and the state's burden of proof. Given this, we conclude the challenged remark did not so undermine petitioner's presumption of innocence as to deny him a constitutional protection. Cf. Mahorney, 917 F.2d at 473.

Finally, petitioner complains about the prosecutor's comment that the jury's sentence should put petitioner "out of the game" and about other sentencing-related comments. Petitioner misunderstands that these comments were made at the sentencing stage of the trial, after the jury had reached a guilty verdict. Thus, the comments were not error.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[1](...continued)
and under the evidence, that presumption has been removed, that the presumption no longer exists, that that (sic) presumption has been removed by evidence and he is standing before you now guilty." Mahorney, 917 F.2d at 471.