**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LEMUEL LANELL AKINS,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 99-7111
(E.D. Okla.)
(D.Ct. No. 98-CV-273-S)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Lemuel Lanell Akins, a state inmate appearing *pro se*, appeals the district court decision dismissing his federal habeas petition filed pursuant to 28 U.S.C. § 2254 and denying his request for a certificate of appealability. We deny Mr. Akins' request for a certificate of appealability and dismiss his appeal.

A jury convicted Mr. Akins of grand larceny following his former three felony convictions. Mr. Akins filed a direct state appeal of his conviction appealing several issues, including his claims:

(1) a jury instruction on "flight" amounted to a constitutional error;

(2) the jury improperly received an instruction on only petty larceny, and not grand larceny;

(3) insufficient evidence supported his conviction; and

(4) the trial court improperly denied him the opportunity to fully cross-examine a state witness.

The Oklahoma Court of Criminal Appeals rejected his arguments on appeal and affirmed his conviction. Specifically, the court found the challenged jury instructions, while improper, constituted harmless error. The court also determined sufficient evidence existed to support Mr. Akins' conviction and the trial court did not abuse its discretion in limiting cross-examination. The state district court dismissed his application for post-conviction relief under the doctrines of *res judicata* and waiver. Because Mr. Akins did not timely file his

state post conviction appeal, the Oklahoma Court of Criminal Appeals declined jurisdiction.

Mr. Akins then filed his federal habeas petition raising the issues raised in his direct state appeal. The district court assigned the matter to a magistrate judge who issued a thorough and well-reasoned recommendation for dismissing the petition. After reviewing Mr. Akins' objections thereto and the entire record, the district court adopted the magistrate judge's findings and recommendation, and denied the petition.

On appeal, Mr. Akins raises the same issues raised and addressed by the district court. We begin our review by articulating the standards we must follow. We review the district court's factual findings for clear error and its legal basis for dismissal of Mr. Akins' § 2254 petition *de novo*. *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000). In applying these standards, we construe Mr. Akins' *pro se* pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

With these standards in mind, we have reviewed the entire record and agree

with the magistrate judge's reasoning on the issues presented. Therefore, in the interests of judicial economy, we will not repeat the magistrate judge's analysis on each issue. However, we do feel compelled to expound further on the challenged flight instruction given at trial and articulate our reasons for rejecting Mr. Akins' claim.

Mr. Akins relies on *Mitchell v. State*, 876 P.2d 682 (Okla. Crim. App. 1993), to support his contention that jury instructions on flight are improper if no evidence is offered by the defense to explain the reason for a defendant's flight. Because he did not present evidence to explain his flight, Mr. Akins claims the instruction violated his fundamental right to the presumption of innocence.

The magistrate judge rejected Mr. Akins' claim, determining he did not: (1) show the state court's decision was contrary to federal law or based on an unreasonable determination of the facts; or (2) meet his burden of proving the jury instruction "resulted in a trial so fundamentally unfair that his conviction violated due process." (Doc. 9 at 3-4.) We believe this issue warrants further discussion.

The challenged flight instruction allows the jury to consider Mr. Akins'

flight from the crime as a circumstance tending to prove guilt. As Mr. Atkins contends, in *Mitchell* the Oklahoma Court of Criminal Appeals determined the use of this instruction is a fundamental error unless the defendant presents evidence controverting the reason for his flight. 876 P.2d at 684-85. Based on the facts in *Mitchell*, and its concern about a possible violation of the presumption of innocence, the court determined the harmless-error analysis could not be applied in that case.[1] *Id.* at 685. However, in instances where the facts merit its application, we and the Oklahoma Court of Criminal Appeals have nevertheless continued to apply the harmless-error analysis, on a case-by-case factual basis, in examining the use of the same challenged jury instruction. *See, e.g., Watson v. Boone*, 131 F.3d 153, 1997 WL 741165 at *2 (10th Cir. Nov. 28 1997) (unpublished opinion) (determining that even if a constitutional error existed in giving the instruction, we may apply the harmless-error analysis); *Hammon v. State*, 898 P.2d 1287, 1309 (Okla. Crim. App. 1995) (holding the element of carrying away merchandise was established even in absence of the challenged jury instruction, thereby, making the instruction superfluous).

---

[1] Later, the same court held that because the rule in *Mitchell* was an interpretation of state law and did not create any new constitutional right, it could only be applied prospectively. *Richie v. State*, 908 P.2d 268, 277 (Okla. Crim. App. 1995), *cert. denied*, 519 U.S. 837 (1996). In this case, the *Mitchell* rule applies prospectively.

In order to apply the harmless-error analysis on collateral review, we must determine whether "the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Watson*, 1997 WL 741165, at *2 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  In order to make this determination, we must look at the sufficiency of the evidence for the limited purpose of making a harmless-error analysis.

In this case, a Wal-Mart store employee testified he heard the sound of bags rattling as he walked through the sporting goods department, and on investigation, saw Mr. Akins putting items into Wal-Mart bags.  The employee stated he watched Mr. Akins put the bags in a shopping cart and push it toward the front of the store until he reached the "vestibule" between the inner and outer doors of the store.  When the employee approached and asked for a receipt for the merchandise, Mr. Akins started to go through the bags as if to look for it, but then ran out of the store where another Wal-Mart employee tackled him.  Apparently, in convicting Mr. Akins, the jury found the store employee's testimony credible. On review, we may not weigh the jury's credibility determination. *See Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996).

Under the circumstances presented, we find sufficient evidence existed,

based on the store employee's eyewitness testimony, to determine the challenged instruction did not substantially influence or taint the jury's verdict. Thus, we hold the challenged jury instruction, as applied in this case, constituted harmless error.

In order to obtain a certificate of appealability, Mr. Akins must make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). He fails to do so.

For these and substantially the same reasons articulated in the magistrate judge's May 19, 1999 Findings and Recommendation, and the district court's August 18, 1999 Order, attached hereto, we deny Mr. Akins' request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

Attachments not available electronically.